Winn-Dixie Montgomery, Inc., appeals from a $40,000 jury verdict in favor of Henderson. Winn-Dixie was successful on a prior appeal from a $14,000 jury verdict involving the same fraud claim. Winn-Dixie Montgomery, Inc. v. Henderson,353 So.2d 1380 (Ala. 1977). We reverse and remand.
The facts and the two fraud counts are set out in the prior opinion. Briefly, Henderson claims damages for alleged false and fraudulent misrepresentations by Winn-Dixie employees that he would be transferred to a store in Enterprise, Alabama. Relying on these representations, Henderson purchased for his wife a beauty shop in Enterprise. Later, after the promised transfer did not materialize, Henderson quit his job, sold the Enterprise business at a loss and started in farming and the chicken business with his father.
Count Four alleges fraudulent and false statements made with an intent to deceive, specifically, a promise made with the intent not to perform it. Count Five alleges representations known to be false at the time they were made, which were made willfully to deceive or recklessly without knowledge. Punitive damages were claimed under both counts.
The jury returned a verdict of $40,000 for Henderson. Both parties agree that the verdict included punitive damages. *Page 901 
WinnDixie did not file a motion for new trial, but appealed from the judgment on the jury verdict.
There was no error in overruling the motion to dismiss both counts, either for failure to state a claim for relief or for failure to plead fraud with particularity. A motion to dismiss for failure to state a claim under Rule 12 (b)(6), ARCP, should seldom be granted and is properly granted only when it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Jeannie's Grocery v. Baldwin CountyElectric Membership Corp., 331 So.2d 665 (Ala. 1976). This is not a case in which such a motion should have been granted.
We also find that the two counts set out the alleged fraud with sufficient particularity to comply with Rule 9 (b), ARCP. The purpose of this rule is to give fair notice to the opposing party. Caron v. Teagle 345 So.2d 1331 (Ala. 1977). Enough pertinent facts were pled by Hamilton to alert Winn-Dixie to the time and circumstances of the alleged misrepresentations and the contents of the alleged false statements, including the fact misrepresented or the promise made with no intention of performing it. See Progressive Casualty Insurance Co. v.Blythe, 350 So.2d 1062 (Ala.Civ.App. 1977).
We do agree with Winn-Dixie that the cause must be reversed and remanded because the evidence supports neither the award of punitive damages nor some of the elements of compensatory damages.
On the issue of damages, Winn-Dixie contends:
(1) The verdict is excessive.
(2) The trial court erred in instructing the jury on punitive damages because there was no evidence to support punitive damages.
(3) The trial court erred in instructing the jury on certain interest payments made by Henderson and sought to be recovered as compensatory damages.
The question of the excessiveness of the damages is not before us on this appeal. There was no motion for new trial and thus no opportunity for the trial court to rule on the question of excessiveness, and no opportunity for Henderson to agree to a remittitur without the delay and expense of an appeal. The appellate courts of this state have the power to order a remittitur only when there is an argument that the judgment is excessive and when the sole ground for reversal is that the judgment is excessive. Code 1975, § 12-22-71. However, an excessive verdict cannot be reviewed under this section unless a motion for new trial was first made and acted upon by the trial court, Fallaw v. Flowers, 274 Ala. 151, 146 So.2d 306
(1962), or the trial court directed the jury as to an excessive award of damages. City of Anniston v. Douglas, 250 Ala. 367,34 So.2d 467 (1948).
The reason for this rule is expressed in Central of GeorgiaRailway Co. v. Chambers, 197 Ala. 93, 96, 72 So. 351, 352
(1916):
 "The following language of the court in Cook Laurie v. Bell, [177 Ala. 618, 59 So. 273 (1912),] finds here direct application: `Where the amount of a verdict is not supported by the evidence, it can be corrected only by setting it aside on proper and timely motion by the party aggrieved. * * * If the practice of remittitur is to be made available, it is necessary that the trial court should be properly informed of this complaint against the verdict; and hence the motion to set aside should plainly challenge it as being excessive in amount. The question is not properly raised by an assignment merely that the verdict is contrary to the evidence, and hence the trial court cannot be put in error for overruling the motion.'
 "The act of 1915 (Acts 1915, p. 610), [now Code 1975, § 12-22-71] relied on by appellant's counsel, was not intended to confer upon this court jurisdiction to reverse a judgment of the court below, or to reduce the amount of the judgment as excessive, in the absence of any application to the trial court and ruling thereon inviting such review. In a case of this *Page 902 
character on appeal this court is in the exercise of appellate jurisdiction only. While the language of the act of 1915 may not expressly so state, yet we think it quite clear that the act presupposes appropriate application to the trial court and action thereon. To construe it otherwise would confer upon this court original jurisdiction to grant a new trial, and such was clearly not the legislative intent. Upon the question of excessive damages, therefore, we have before us nothing to review."
Accord, State v. Ferguson, 269 Ala. 44, 110 So.2d 280 (1959).
We now proceed to determine whether there was a scintilla of evidence to take the case to the jury on the issue of punitive damages. At the close of the trial court's oral charge, Winn-Dixie's counsel objected to that part of the charge dealing with punitive damages on the ground that punitive damages could not be awarded under the evidence presented. This was the same point mandating reversal in the prior appeal of this case.
It is clear that punitive damages may be awarded in a fraud case only when there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross, and the statements were made with knowledge of their falsity.Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235,326 So.2d 726 (1976). It is only where "the evidence tends to establish an intent to deceive and defraud" that the evidence warrants the award of punitive damages. In that instance, the trial court must submit the issue to the jury, with the jury to determine the sufficiency of the evidence. J. Truett Payne Co.v. Jackson, 281 Ala. 426, 203 So.2d 443 (1967); BirminghamWaterworks Co. v. Keiley, 2 Ala. App. 629, 56 So. 838 (1911).
In the opinion on the previous appeal of this cause, we held that "[t]he evidence adduced at trial establishes, at most, that a misrepresentation was `made by mistake and innocently,' which is, of course, actionable under [Code 1975, § 6-5-101]. However, it is clear that such an innocent misrepresentation will not support an award of punitive damages." 353 So.2d 1380,1383. In other words, on the first appeal, there was not a scintilla of evidence to support an award of punitive damages. Unless something new was presented at the second trial, our holding on the present appeal must be the same.
An examination of the record discloses that the only new evidence presented which is relevant to this issue is that Henderson's supervisor, Mr. Lott, seemed "unhappy and irritated" when Henderson asked for the transfer and that Lott "kept Henderson on the job" during the busy Christmas and New Year's season. Henderson argues, on this appeal, that it was of great benefit to Winn-Dixie to have him, as a trained employee, on the job during the busiest part of the year and that, in order to make sure he would be there, Lott falsely represented that Henderson would be transferred after the first of the year.
This additional evidence falls far short of establishing the requisite maliciousness, oppressiveness, or grossness justifying an award of punitive damages. Even judged by the strict standard of the scintilla rule, the issue of punitive damages should not have been submitted to the jury. It was reversible error to do so.
Winn-Dixie's counsel also objected to the court's oral charge for refusing to instruct the jury not to consider evidence of certain interest payments made by Henderson. These payments were made on notes given by Henderson to purchase some chicken houses after he quit working for Winn-Dixie. Winn-Dixie asserts that the interest payments did not flow as a natural consequence from the wrong, if any, which Winn-Dixie committed. We agree.
The general measure of recovery for fraud includes all damages within the contemplation of the parties or which are the necessary or natural and proximate consequences of the wrong. Fidelty Casaulty Co. v. J.D. Pittman Tractor Co.,244 Ala. 354, 13 So.2d 669 (1943). This is a factual determination to be made by the jury. Alabama *Page 903 Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594 (1967). The Supreme Court generally will not disturb the decision of the jury on a fact question, even if a motion for new trial is made, because this Court indulges all favorable presumptions as to the correctness of the jury's conclusion and will not disturb it unless it is plainly erroneous or manifestly unjust.Allred v. Dobbs, 280 Ala. 159, 190 So.2d 712 (1966).
We cannot ascertain whether the jury included the interest payments in the award of damages. It would be reversible error to have done so, however, because it is apparent from the evidence that the mortgages and interest payments were not within the contemplation of the parties when the alleged wrong occurred. Neither were they necessary or natural and proximate consequences of the alleged wrong. Henderson exercised his own independent business judgment when he quit his job with Winn-Dixie and bought the chicken houses. We cannot say that the interest payments were the proximate consequences of a false representation that Henderson would be transferred to Enterprise.
For the foregoing errors in the award of damages, this cause must be once again reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and EMBRY, JJ., concur.
FAULKNER, JONES and BEATTY, JJ., concur in part and dissent in part.