BRADLEY, Judge.
This is an appeal-from a jury verdict of $10,000 for the plaintiff against Big Three Motors in an action for breach of warranty of title and false representation.
The controversy in this case revolves around the ownership and possession of a brown and white 1968 Buick Special automobile. In February 1973 Diamond Motors sold the Buick to Henry Alexander and retained a lien against the vehicle in favor of the Pearl Finance Company. The lien was recorded with the Probate Court of Mobile County. Alexander filed for bankruptcy subsequent to his purchase of the Buick and sold the vehicle to J. C. Mason while in bankruptcy. Mason was aware that Alexander was in straight bankruptcy, but testified that he thought that meant the car was clear of any claims. Mason was a used car salesman at Big Three Motors although he testified that he purchased the Buick for himself after the owners of Big Three Motors refused to buy the vehicle. He also testified that he was allowed by Big Three Motors to buy and sell automobiles of his own on the Big Three Motors lot based on his long-term relationship with the company. In these type transactions, Mason would split the profit with Big Three Motors.
On August 23, 1974 the plaintiff, Geraldine Smith, and a friend, James Bradley, went to the used automobile lot of Big Three Motors looking for an automobile to buy. J. C. Mason approached them upon their entry onto the lot and asked if they were looking for a car and they replied that they were. After determining their price range to be about $250, Mason showed them a 1968 Buick. Smith test drove the Buick and decided to buy it.
Mason then escorted Smith to the office at Big Three Motors and a secretary employed by Big Three Motors prepared a bill of sale and other documents necessary for Smith to obtain an automobile tag. At this time the plaintiff gave Mason $256.25 as cash payment for the Buick, and he handed it over to the secretary who, in turn, placed it in the cash drawer. This cash payment was deposited in Big Three Motors’ bank account. The plaintiff was provided with a receipt for her cash payment, a bill of sale, and a purchase order, all of which were signed by the secretary for Big Three Motors. The bill of sale and purchase order were on Big Three Motors’ stationery and at no time was the plaintiff informed that the automobile she was buying was not owned by Big Three Motors. The bill of sale accepted by the plaintiff contains the following statement:
And I-We hereby covenent [sic] with the grantee that I-We are the lawful owners of said above described automobile; that it is free from all encumbrances; that I-We have a good right to sell the same aforesaid; and that I-We will warrant and defend the title to same against the lawful claims and demands of all persons.
The plaintiff made some repairs to the vehicle and retained it for nine months until *1216 Pearl Finance repossessed the vehicle to enforce their lien. After the plaintiff determined what had happened to the vehicle, she contacted Fred Roan, Sr., president of Big Three Motors, and complained. The plaintiff, Mason, and Roan had several discussions aimed at settling the matter. However, these efforts were unsuccessful.
The plaintiff filed suit on July 31, 1974 against Big Three Motors and several other parties who have since been dismissed from this suit. The complaint sought compensatory and punitive damages from Big Three Motors for breach of warranty of title and false representation. Big Three Motors filed a third party complaint against J. C. Mason on March 25, 1976, with leave of court.
The defendant, Big Three Motors, filed two separate motions for directed verdict during the trial. The first sought a directed verdict against the third party defendant, J. C. Mason. The trial court denied this motion, and the defendant does not contest this ruling on appeal. Big Three Motors filed a second motion for directed verdict at the conclusion of the plaintiffs case on each count of the complaint and on plaintiff’s claim for punitive damages. This motion was also denied. The defendant, Big Three Motors, refiled the motions for directed verdict at the conclusion of all testimony and again the motions were denied.
The trial court instructed the jury on breach of contract and warranty of title and three separate aspects of legal fraud: willful misrepresentation, reckless misrepresentation, and mistaken misrepresentation. The jury rendered a verdict against the defendant, Big Three Motors, in favor of the plaintiff for $10,000, and in favor of J. C. Mason on the third party complaint. Thereafter Big Three Motors filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied this motion and this appeal followed.
The only issue presented to this court by the defendant is whether there was a scintilla of evidence to take the case to the jury on the issue of punitive damages.
In Winn-Dixie Montgomery, Inc. v. Henderson, Ala., 371 So.2d 899 (1979), which appears to be the latest pronouncement on the subject of punitive damages in a fraud case, the Alabama Supreme Court said:
It is clear that punitive damages may be awarded in a fraud case only when there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross, and the statements were made with knowledge of their falsity. Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976). It is only where “the evidence tends to establish an intent to deceive and defraud” that the evidence warrants the award of punitive damages. [Emphasis theirs.]
This same rule was followed in Proctor Agency, Inc. v. Anderson, Ala., 358 So.2d 164 (1978). However, in International Resorts, Inc. v. Lambert, Ala., 350 So.2d 391 (1977), the court had this to say:
As a general rule, an intent to deceive is an indispensable element to the successful maintenance of a tort action for fraud and deceit. 37 Am.Jur.2d, Fraud and Deceit, § 188. However, it is equally well-established that an action for damages will lie when one makes representations relied upon by another without knowing or caring whether they are true or false.
The court also held that the evidence supported a finding that misrepresentations had been made, whether they were with an intent to deceive or were made heedlessly and without any regard to the consequences, and the court upheld the award of punitive damages.
The Lambert case implies that the “intent to deceive” rule is not the only one; however, we feel compelled to follow the rule enunciated in the Henderson case because it is, to the best of our knowledge, the latest decision on the subject. See Berry v. City of Huntsville, 288 Ala. 731, 259 So.2d 276 (1972).
Applying the Henderson rule to the case at bar, we conclude that neither Mason, nor *1217 through him, Big Three Motors had actual knowledge that someone else had a lien on the vehicle sold to plaintiff and that they could not give good title. Mason testified that he knew the seller of the vehicle was in bankruptcy but that he thought this meant that the title to the vehicle was free and clear of any claims.
The basis of the fraud charge in the instant case arose out of the absence of title in either Big Three Motors or Mason, not the failure of the title as between Big Three Motors and its agent, Mason. As we view the situation, whether title was represented to be in Big Three Motors or in Mason had nothing to do with plaintiff’s loss.
Based on the evidence we cannot say that Big Three Motors or its agent, Mason, had the requisite knowledge of the falsity of the representations made to the plaintiff concerning the title of the vehicle purchased from Big Three Motors to support an award of punitive damages.
Absent evidence to support an award of punitive damages, the trial court erred in refusing the motion for a directed verdict as to such damages. The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., concurs.
HOLMES, J., dissents.