A jury awarded the purchaser of a 1976 Ford pickup truck $6,500 against Ford Motor Company for breach of warranty.
The defendant contends that the trial court committed reversible error in that the warranty given to the buyer was a joint warranty on the part of the manufacturer and the selling dealer. Therefore, the nonjoinder of the selling dealer as a party defendant precluded the plaintiff from maintaining an action against the manufacturer alone. Additionally, the defendant contends that the damages awarded were excessive as a matter of law.
We find that the trial court did not commit reversible error and affirm.
A review of the record reveals the following:
Plaintiff purchased a new 1976 Ford pickup truck from an authorized Ford dealer. The purchase price was $6,569.30. The new truck carried a warranty which stated:
 Ford and the Selling Dealer jointly warrant for 1976 model cars and light trucks sold by Ford that the Selling Dealer will repair or replace free any parts, except tires, found under normal use in the U.S. *Page 905 
or Canada to be defective within the earliest of 12 months or 12,000 miles from either first use or retail delivery.
Plaintiff filed suit for breach of warranty and alleged numerous difficulties with the truck. He further alleged that the dealer failed to correct the problems.
After a trial, the jury awarded the plaintiff $6,500 as damages. The trial court denied the defendant's motion for a new trial.
Through able counsel, as indicated, the defendant contends that the plaintiff was precluded from maintaining an action against the defendant because the plaintiff failed to join the automobile dealer as a party defendant. Put another way, the warranty given to the buyer was a joint obligation on the part of the manufacturer and the dealer, and the defendant contends that, as a matter of law, the plaintiff cannot recover against a single joint-obligor.
Both parties agree that under the common law all joint-obligors had to have been made parties defendant in order for the plaintiff to recover for a breach. As the defendant acknowledges, this commonlaw compulsory joinder may be abrogated by statute.
Such a statute exists in this jurisdiction as § 6-5-283, Code of Ala. 1975. This section states:
 When two or more persons are jointly bound by judgment, bond, covenant or promise in writing of any description whatsoever, the obligation or promise is in law several as well as joint, . . .
As this court has stated, the effect of the above statute is to permit the plaintiff to sue one or all joint obligors.Burgreen Contracting Co., Inc. v. Goodman, 55 Ala. App. 209,314 So.2d 284 (1975). In the instant case, the plaintiff chose to sue one joint-obligor, the defendant. There was no error.
Next, the defendant contends that the amount of damages awarded by the jury was excessive and constitutes reversible error.
At the outset, we note that a jury's verdict is presumed to be correct and will not be reversed on appeal unless the preponderance of the evidence is against the verdict, after allowing all reasonable presumptions in favor of its correctness. Midwestern Welding Co., Ltd. v. Coosa Tool Die,Inc., 54 Ala. App. 159, 306 So.2d 25 (1975).
Additionally, the correctness of a jury verdict is strengthened by the refusal of the trial court to grant a new trial. Mobile Home Brokers, Inc. v. Clark, Ala.Civ.App.,346 So.2d 1156 (1977). The trial court in the instant appeal refused to grant such a motion.
With these propositions in mind, the record indicates that the plaintiff testified the vehicle with its defects was worth nothing at the time of the purchase. The plaintiff based this conclusion upon the existence of a number of defects and problems with the vehicle which the plaintiff alleged were never corrected by the defendant. These defects included a defective steering system and steering fluid leaks, an inoperative air-conditioning system, transmission problems, frame and wheel alignment defects which caused excessive tire wear on one wheel, a defective paint finish which faked off after a first washing and excessive oil usage which required the periodic addition of oil over and above normal requirements.
The plaintiff further testified that during the first year of ownership he took the vehicle to the dealer on approximately twelve different occasions for warranty repairs. On one occasion the vehicle was kept by the dealer between two and three weeks.
Witnesses for the defendant testified that there was no steering problem, that the air conditioner had been repaired by adding coolant, that the steering gear had been replaced six or seven times, that a portion of the vehicle had been repainted and that the transmission shifted harshly because it was a heavy duty transmission and this type of equipment always shifts harshly in relation to regular duty equipment. In short, the defendant attempted to show that there had been no breach of warranty *Page 906 
in that all necessary repairs had been made and no defects existed.
The plaintiff testified that despite the above repairs, the truck had major defects and the defendant had breached its warranty.
The defendant argues that even assuming some defects, the verdict was excessive as a matter of law in light of the fact that the plaintiff had driven the vehicle 9,901 miles during the first eight months from the purchase date and approximately 50,000 miles at the date of trial. Stated differently, the defendant argues that it was error for the jury to award the approximate amount of the purchase price of the vehicle where the plaintiff had driven the vehicle a great number of miles. Thus, the defendant would have this court hold that the verdict was tantamount to finding that the truck was worth only $69.30 when purchased and that this amount was so unreasonable as to constitute reversible error.
The measure of damages for a breach of warranty under the circumstances in the instant case is the difference at the time and place of acceptance between the value of the automobile accepted and the value it would have had had it been as warranted. Courtesy Ford Sales, Inc. v. Farrior, 53 Ala. App. 94, 298 So.2d 26, cert. denied, 292 Ala. 718, 298 So.2d 34
(1974); § 7-2-714 (2), Code of Ala. 1975.
The plaintiff testified that in view of the defects the vehicle was in fact valueless. Supportive of this testimony is the evidence which shows the plaintiff was in frequent contact with the defendant in an attempt to have the vehicle placed in a defect-free condition. The evidence indicates the truck was never free of substantial defects.
In view of the facts of the instant appeal as indicated, this court cannot say that the act of driving the vehicle renders a verdict of virtually the entire purchase price excessive. See,Riley v. Ford Motor Co., 442 F.2d 670 (5th Cir. 1971); TigerMotor Co. v. McMurtry, 284 Ala. 283, 224 So.2d 638 (1969).
Summarizing, the evidence supported a finding of a breach of warranty. The vehicle was never defect-free. The amount of the award was slightly less than the purchase price. The fact that the vehicle had been driven a substantial number of miles does not render the verdict excessive. See, Tiger Motor, supra.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.