BEATTY, Justice.
The writ of certiorari was granted to enable this Court to consider the effect upon the law of fraud of the opinion of the Court of Civil Appeals, 412 So.2d 1214. Specifically, the question is whether this Court, in Winn-Dixie Montgomery, Inc. v. Henderson, Ala., 371 So.2d 899 (1979), modified the law of fraud by allowing a recovery of punitive damages only upon proof of statements made with actual knowledge of their falsity.
In Henderson we stated:
*1219 It is clear that punitive damages may be awarded in a fraud case only when there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross, and the statements were made with knowledge of their falsity. Old Southern Life Insurance Company v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976).. ..
The Court of Civil Appeals recognized the principle this Court had enunciated earlier in International Resorts, Inc. v. Lambert, Ala., 350 So.2d 391 (1977), which allowed an action for fraud and deceit to be based upon misrepresentations made heedlessly and without knowing or caring whether they were true or false. However, that Court chose to apply the “Henderson rule,” as it was put, because it was the latest decision dealing with that precise point, and thus that Court abrogated heedless or reckless fraud.
With deference to our brothers, our opinion in Henderson was not intended to change the law of fraud by eliminating the possibility of a recovery based upon a heedless or reckless misrepresentation. The principle quoted above which emanated from Woodall was stated in response to the type of fraudulent misrepresentation alleged in Woodall. Both Woodall decisions, 295 Ala. 235 and 348 So.2d 1377 (1977), involved allegations of misrepresentations made with knowledge. Likewise, Henderson concerned misrepresentations made with knowledge, one count charging a promise made with intent not to perform it, and another count alleging representations known to be false at the time they were made, “which were made willfully to deceive or recklessly without knowledge.” Henderson, Ala., 371 So.2d 899 at 900. The opinion in Henderson reveals that the case was reversed and remanded simply because the evidence failed to approach “the requisite maliciousness, oppressiveness, or grossness justifying an award of punitive damages.” Thus there was no necessity for references to other types of misrepresentations which would support an action for fraud and deceit.
One of the types of fraudulent misrepresentation alleged in Lambert, supra, however, was a reckless misrepresentation. It was not out of place, therefore, for this Court to discuss that principle in that opinion, and in so doing to call attention to the definition of legal fraud found in Tit. 7, § 108, Alabama Code (now Code of 1975, § 6-5-101):
Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party ... constitute legal fraud.
Because the Court of Civil Appeals failed in its review to apply the correct principle of law to the evidence adduced in the trial court, the judgment of that Court is reversed and this cause is remanded to that Court for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, AL-MON, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C. J., concurs in the result.