Winn-Dixie Montgomery, Inc., appeals from a $45,000.00 jury verdict in favor of Bobby Henderson. Winn-Dixie has been successful on two prior appeals to this Court involving the same fraud claim. Winn-Dixie Montgomery, Inc. v. Henderson, Ala., 353 So.2d 1380 (1977); Winn-Dixie Montgomery, Inc. vHenderson, Ala., 371 So.2d 899 (1979). We affirm.
Henderson claims damages for alleged false and fraudulent representations made by a Winn-Dixie employee, Mr. Lott, in Dothan, Alabama, in September or October, 1973, that he would be transferred to a store in Enterprise, Alabama. Relying on these representations, Henderson purchased a beauty shop in Enterprise for his wife. Later, in March 1974, after the promised transfer did not materialize, Henderson quit his job and sold the Enterprise beauty shop at a loss. He then started farming and also went into the chicken business with his father.
In his complaint Henderson included two fraud counts: Count 4, which alleges fraudulent and false statements made with an intent to deceive, and Count 5, which alleges representations known to be false at the time they were made, which were made willfully to deceive or recklessly without knowledge. Punitive damages were claimed under both counts.
During his case-in-chief, Henderson adduced from Morgan Britt Lee, another employee of Winn-Dixie, testimony that Winn-Dixie employees had previously made to him false representations concerning promised transfers. The trial court denied Winn-Dixie's motions for directed verdict at the close of the plaintiff's case and also at the close of all the evidence. The jury returned a verdict of $45,000.00 in favor of Henderson. After Winn-Dixie's motion for new trial and/or remittitur and motion for judgment notwithstanding the verdict were denied, Winn-Dixie appealed.
Winn-Dixie alleges that the evidence was insufficient to establish a case of legal fraud. In International Resorts, Inc.v. Lambert, Ala., 350 So.2d 391 (1977), this Court outlined the elements of a cause of action sufficient to constitute legal fraud by stating:
 Regardless of whether the representations were made wilfully, recklessly or mistakenly, it has been held that there must be (1) a false representation, (2) the false representation must concern a material existing fact, (3) the plaintiff must rely upon that false representation, and (4) the plaintiff must be damaged as a proximate result. . . .
While it is ordinarily true that an intent to deceive is an indispensable element of an action for fraud, when representations are made recklessly and heedlessly without any regard to their consequences, they will supply the necessary intent to support a fraud action. International Resorts, Inc.,supra.
The statements made by Lott to Henderson that he would be transferred *Page 477 
were misrepresentations of a material fact, made with the intent that Henderson rely on them. Lott testified that he made the statements not with the intent to transfer Henderson immediately, but to "talk to him about it after the first of the year." Lott was aware that Henderson was relying on the promised transfer when be bought the beauty shop, and Henderson clearly suffered a loss on the beauty shop. Thus, there was sufficient evidence on which to support a fraud claim.
Winn-Dixie contends that the trial court erred in allowing Morgan Britt Lee to testify that when he was employed by Winn-Dixie his supervisor made misrepresentations to him concerning promised transfers, on the ground that such testimony was remote, irrelevant and prejudicial. While it is true that Lee's testimony in no way involved the conversations between Henderson and Lott, Winn-Dixie, not Mr. Lott, is the defendant in this case. Since Winn-Dixie, as the employer, is sought to be made liable under respondeat superior, previous similar acts by different agents, both of whom act for the defendant, are admissible to show fraud, scheme, motive or intent. See Roan v. Smith, 272 Ala. 538, 133 So.2d 224 (1961). Moreover, wide latitude is allowed with regard to testimony in fraud cases since often the perpetrator is the sole possessor of the actual knowledge of the fraud. Mid-State Homes, Inc. v.Johnson, 294 Ala. 59, 311 So.2d 312 (1975). Thus, Lee's testimony was properly admitted by the trial court.
Appellant also contends that the evidence at trial was insufficient to support an award of punitive damages. The general rule is that punitive damages may be awarded in fraud cases if there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross, and that the representations were made with knowledge of their falsity.Old Southern Life Ins. Co. v. Woodall, 295 Ala. 235,326 So.2d 726 (1976). Evidence of intent to deceive supplies proof that the fraud was committed grossly. Randell v. Banzhoff, Ala.,375 So.2d 445 (1979).
In the second appeal of this case this Court said:
 [O]n the first appeal, there was not a scintilla of evidence to support an award of punitive damages. Unless something new was presented at the second trial, our holding on the present appeal must be the same. [371 So.2d at 902.]
At the second trial this Court did not find such new evidence and denied punitive damages. The question, therefore, is whether sufficient new evidence was presented at the third trial to support an award of punitive damages. We hold that it was.
The evidence at the third trial was more than a mere accumulation of that presented at the past two trials. Mr. Lee testified for the first time at the third trial concerning prior similar conduct of Winn-Dixie in order to show fraud, scheme, motive or intent. This new evidence supports a finding that the fraud was malicious, oppressive or gross. Moreover, the testimony adduced at the second trial, which showed that trained employees are a considerable benefit to Winn-Dixie during the busy Christmas season, was reiterated and amplified. As stated above, there was also sufficient evidence to find that the representations were made with knowledge of their falsity since they were made not with the intent to transfer Henderson immediately, but to consider the matter later. Clearly the totality of the evidence, both new and old, presented a jury question on the issue of intentional misrepresentations made with knowledge of their falsity and therefore were sufficient to support an award of punitive damages in this third trial. Since punitive damages are discretionary with the jury depending on the enormity of the wrong and the necessity of preventing similar wrongs, NeilHuffman Volkswagen Corp. v. Ridolphi, Ala., 378 So.2d 700
(1979), the damages awarded were not excessive but must be deemed proper.
Let the judgment be affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur. *Page 478 
TORBERT, C.J., and MADDOX, J., dissent.
ADAMS, J., not sitting.