BRADLEY, Judge.
This case is on remand from the supreme court, 412 So.2d 1218. The facts appear in our original opinion, 412 So.2d 1214. On original submission the sole issue raised was whether there was a scintilla of evidence to take the case to the jury on the issue of punitive damages. We held that there was insufficient evidence as to punitive damages and reversed.
In that opinion we were constrained to follow the supreme court’s opinion in Winn-Dixie Montgomery, Inc. v. Henderson, Ala., 371 So.2d 899 (1979) which set out a two-pronged test for punitive damages. That test is as follows: (1) that the fraud be malicious, oppressive or gross, and (2) that the statements were made with knowledge of their falsity and with an intent to deceive.
On certiorari, the supreme court, 412 So.2d 1218, stated the issue to be “whether this Court [Alabama Supreme Court], in Winn-Dixie Montgomery, Inc. v. Henderson, Ala., 371 So.2d 899 (1979), modified the law of fraud by allowing a recovery of punitive damages only upon proof of statements made with actual knowledge of their falsity.” The supreme court went on to answer this question by stating, “With deference to our brothers, our opinion in Henderson was not intended to change the law of fraud by eliminating the possibility of a recovery based upon a heedless or reckless misrepresentation.”
It is apparent to this court that neither Big Three nor Mason had actual knowledge of any lien on the vehicle sold to plaintiff. However, actual knowledge is not'the only requirement for granting punitive damages. Ex parte Smith, 412 So.2d 1218 (Ala.1981).
We therefore return to International Resorts, Inc. v. Lambert, Ala., 350 So.2d 391 (1977), where the supreme court stated:
*1221 As a general rule, an intent to deceive is an indispensable element to the successful maintenance of a tort action for fraud and deceit. 37 Am.Jur.2d, Fraud and Deceit, § 188. However, it is equally well-established that an action for damages will lie when one makes representations relied upon by another without knowing or caring whether they are true or false.
The court also held that the evidence supported a finding that misrepresentations had been made, whether they were with an intent to deceive or were made heedlessly and without any regard to the consequences, and the court upheld the award of punitive damages.
The Lambert case implies that the two-pronged test for punitive damages enunciated in Henderson is not the only rule. Our interpretation of Lambert is confirmed, so we believe, by the decision in Ex parte Smith, supra. Statements made other than with actual knowledge of their falsity will support an award of punitive damages. Such statements, if made so heedlessly and so recklessly and without knowing or caring whether they are true or false may support an award of punitive damages in a fraud action. Lambert, supra. Furthermore, representations made recklessly and heedlessly without regard to their consequences will supply the requisite intent to support a fraud action. Winn-Dixie Montgomery, Inc. v. Henderson, 395 So.2d 475, 79-456 (Ala.1981).
It appears to us after reviewing the cases dealing with fraud and punitive damages that the rule to follow in this case is that punitive damages may be awarded where there is evidence from which a jury could conclude that the fraud was malicious, oppressive or gross, and the statements were made recklessly without regard to their truth and without knowing or caring if they were true. Lambert, supra.
Therefore, the issue presented to this court on remand is whether there was a scintilla of evidence to take the case to the jury on the question of punitive damages. We find that there was no such evidence and reverse the judgment of the trial court.
The evidence shows that the vehicle was parked on or near Big Three’s lot, that Big Three’s stationery was used to draw up the bill of sale, that the bill of sale provided that Big Three was the lawful owner of the vehicle, that Big Three’s office employee processed the sale in Big Three’s office, that payment was made to Big Three, and that, in fact, Big Three received one-half of the profits from the sale.
Nowhere in this evidence do we find that Big Three acted so heedlessly or recklessly that it could be said Big Three did so without knowing or caring whether the representations made were truthful nor that the representations made by Big Three were gross, oppressive or aggravated.
In the absence of a scintilla of evidence to support a punitive damages award, the trial court erred in refusing the motion for a directed verdict as to punitive damages. See Proctor Agency, Inc. v. Anderson, Ala., 358 So.2d 164 (1978).
REVERSED AND REMANDED.
WRIGHT, P. J., concurs.
HOLMES, J., dissents.