This case has been exhaustively reviewed on appeal and the facts have been repeatedly stated. The Court of Civil Appeals first reversed a judgment rendered on a jury verdict (Big ThreeMotors, Inc. v. Smith, 412 So.2d 1214 (Ala.Civ.App. 1980)); this Court granted certiorari and remanded the case to the Court of Civil Appeals (412 So.2d 1218 (Ala. 1981)). The Court of Civil Appeals, 412 So.2d 1219, has once again reversed the trial court, and this Court has again granted certiorari.
It has been established beyond any doubt and, in fact, it is not disputed, that Big Three Motors (Big Three) represented in writing to Geraldine Smith that the car she was buying was owned by Big Three, and that Big Three had good title thereto and could transfer good title to her. She paid cash for the automobile, and the money went into Big Three's account. Big Three issued her a purchase order and executed a bill of sale.
At the time Big Three made these representations, it knew that it did not own the automobile, and that it did not have title to the automobile and could not transfer good title. When the car was repossessed by a prior lienholder and this suit was filed, Big Three's defense was that it did not own the car, but that its salesman owned the car. It says that it made no representation with regard to prior lienholders. The question is: Under these facts was a jury justified in awarding punitive damages? We hold that it was. As Judge Holmes pointed out in his dissent, the issue is not whether Big Three knew there was a prior encumbrance on the car, but whether it knew it was not the owner of the car and capable of transferring good title as it said it was. In this regard, the jury was justified in finding that it intentionally and knowingly lied to the purchaser.
The law should and does permit the imposition of punitive damages under these facts. It is true, as the Court of Civil Appeals correctly notes, that not all actionable wrongs permit the imposition of punitive damages. But some do. At 22 Am.Jur.2d Damages § 249 (1965), the rule is summarized as follows:
 "Exemplary damages, if recoverable at all, may be recovered only in cases where the wrongful act complained of is characterized by, or partakes of, some circumstances of aggravation, such as wilfulness, wantonness, maliciousness, gross negligence or recklessness, oppression, outrageous conduct, indignity and contumely, insult, or fraud or gross fraud. . . .
 "One or more of the conditions under which exemplary damages are recoverable is sufficient. For example, if the act is done with a fraudulent, malicious, or oppressive motive on the part of the wrongdoer, there is ground for exemplary damages, although the act is done without rudeness or insult. Exemplary damages may be also recovered, although there is no malice, fraud, or intent to oppress on the part of the wrongdoer, if the act is done in a rude, insulting, or reckless manner, in disregard of social obligations, or with such gross negligence as to amount to positive misconduct." (Emphasis added.)
The elements are disjunctive. One need not prove each of them, but must prove at least one of them, to justify an award of punitive damages. Thus, the question is: Has any one of the foregoing been proved by the plaintiff in this case? Clearly so. It has been proved without contradiction that *Page 1224 
Big Three willfully and intentionally represented that it owned the car when it knew that it did not own the car. It represented that it had good title when, in fact, the car was encumbered by a prior lien. Ala. Code 1975, § 6-5-103. This we think is enough to meet the burden which the law casts on a plaintiff seeking exemplary damages. At least as early as 1849, this Court recognized this principle. In Munroe v. Pritchett,16 Ala. 785 (1849), having said that an action of deceit would lie where the seller represented to the purchaser of land that the tract conveyed contained a certain quantity of good land, which was not true, the Court went on to say that the same rule applied in the sale of personal property. The Court continued:
 "In Bacon's Ab.tit.Act, on the Case E, it is said if there be a communication between A and B for the buying of certain sheep, and B, the vendor, says they are his own sheep, when in truth they are the sheep of another; whereupon A buys them of B, though B made not any express warranty of the sheep, yet an action upon the case in the nature of deceit lies against him. So also, where the vendor affirms that the goods belong to a stranger, his friend, and that he has authority to sell the same, in consequence of which B buys them, when in truth they are the goods of another; yet if he sold them fraudulently and falsely upon this pretense of authority, though he did not warrant them, and though it is not averred that he sold them, knowing them to be the goods of a stranger, yet B shall have an action upon the case for this deceit. . . . These cases rest on this principle, that if a man having the possession of property which gives him the character of owner, affirms that he is owner, and thereby induces a man to buy, when in point of fact the affirmant is not the owner, he is liable to an action. It has been said that this is because there is a breach of contract to rest the action on, and that there is no contract in this case. This is not the true principle — it is this: He who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood, and must answer in damages.
 ". . . From our own decisions, I think the conclusion may be deduced, that although in an action on the case to recover for the consequences resulting from a fraudulent misrepresentation of matter of fact, coming within the restrictions above laid down, the plaintiff must show that such misrepresentations were fraudulently made, yet it is not indispensable that the party making them should at the time have known them to be false. It is sufficient that he made them recklessly, not knowing them to be true, and for the purpose of influencing the other party in making the purchase. . . . He thus induces the purchase, upon his false statement of matter of fact, and pockets the gains. Shall he, when sued, say, `I did not know that I was telling an untruth'? It is sufficient that he misrepresented the fact, and did not care that he did so, — in other words, that he asserted as true, and as matter of knowledge, that which was untrue, and which he either knew nothing about or knew to be untrue. Did the law allow the action to punish the untruth, and not as a compensation to the party injured by its consequences, then it would be proper to make the action depend upon the scienter; but the action is for the injury sustained by reason of the reckless, false assertion of the vendor, which was calculated to deceive and did deceive the purchaser — consequences which to him are precisely the same, whether the vendor knew or did not know, or care to know, that the assertion was false." (Emphasis added on last sentence; other emphasis in original.)
16 Ala. 785, 788-791. The Court recognized that, if the misrepresentation is shown to have been made knowing that it is false, then the law permits punitive damages by way of punishment. Without knowledge of its falseness, the law allows only compensatory damages (Ala. Code 1975, § 6-5-101), unless the misrepresentation is made so recklessly and heedlessly as to amount to *Page 1225 
the same thing as knowledge of its falseness.
The Court concluded by noting that this view harmonizes with both reason and sound morality and requires no more of a vendor than fair and open dealing. This remains the law to this day in this State. It is to punish wrongdoers and to deter others from committing such wrongs that the law sanctions the award of punitive damages. It is a matter of policy of long standing, the goal of which is the protection of the public from oppressive practices, particularly in the sale of consumer goods. See, Neil Huffman Volkswagen Corporation v. Ridolphi,378 So.2d 700 (Ala. 1979).
The judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.