This is a fraud case involving a used automobile.
The plaintiff (Taliaferro) sued the defendant (Cooper Chevrolet) for fraud. The jury returned a verdict for $4,500 in favor of plaintiff and against the defendant. A judgment was entered thereon, Cooper Chevrolet appeals and this court affirms.
Viewing the record with the attendant presumptions, the following is revealed:
Taliaferro went to Cooper Chevrolet looking for an economical, used automobile for his daughter. After looking at several vehicles, a Cooper Chevrolet salesman showed Taliaferro and his daughter a 1978 Ford Pinto at the back of the lot. The salesman told Taliaferro that the car was being repaired and would not operate. Taliaferro testified that the salesman represented to him that the car had had only one owner. Taliaferro further testified that he relied *Page 159 
upon this representation in deciding to purchase the automobile. Cooper Chevrolet's salesman testified that he did not represent the car to Taliaferro as being a "one-owner" vehicle. The salesman did inform Taliaferro that repairs had been done to certain parts and that certain other parts had been replaced. Taliaferro eventually purchased the automobile for approximately $3,000 after Cooper Chevrolet made the necessary repairs.
Some time after closing the deal and taking the automobile home, Taliaferro discovered that the previous owner of the car had been a business concern that used the vehicle for deliveries. This business had bought the car from a used car lot. Subsequent to learning about the previous owner of the automobile, Taliaferro also discovered that the original engine had been replaced with a 1975 Mercury Bobcat engine.
Taliaferro brought suit against Cooper Chevrolet for misrepresenting the condition of the automobile and sought actual and punitive damages. As indicated, the case was heard by a jury. At the end of Taliaferro's testimony, Cooper Chevrolet moved for a directed verdict which was denied. Cooper Chevrolet again moved for a directed verdict at the end of all testimony and was again denied.
After deliberation the jury returned a verdict for Taliaferro in the amount of $4,500. Cooper Chevrolet moved for a new trial or for a judgment notwithstanding the verdict, both of which were denied. Cooper Chevrolet, through able and distinguished counsel, brings this appeal.
The dispositive issue is whether the verdict is supported by the evidence. Put another way, does the evidence support an award of $4,500 as punitive damages?
A jury's verdict is presumed to be correct and will not be reversed on appeal unless the preponderance of the evidence is against the verdict, after allowing all reasonable presumptions in favor of its correctness. Ford Motor Co. v. Tindol,380 So.2d 904 (Ala.Civ.App. 1980).
This court finds that the evidence in the present case is sufficient to support the jury's apparent award of punitive damages.
The law as it applies to the situation at bar is thoroughly set out in detail in the following cases: Treadwell Ford, Inc.v. Lewis, 416 So.2d 406 (Ala.Civ.App. 1981), judgment reversed,416 So.2d 410 (Ala. 1982), on remand, 416 So.2d 420
(Ala.Civ.App. 1982); Big Three Motors, Inc. v. Smith,412 So.2d 1214 (Ala.Civ.App. 1980), judgment reversed, 412 So.2d 1218
(Ala. 1981), on remand, 412 So.2d 1219 (Ala.Civ.App. 1981),judgment reversed, 412 So.2d 1222 (Ala. 1982), on remand,412 So.2d 1225 (Ala.Civ.App. 1982).
The law so thoroughly discussed in the above cases allows a jury to assess punitive damages where the misrepresentation was made willfully to deceive or where the misrepresentation of a material fact was made "recklessly without knowledge." In other words, actual knowledge of the falsity of the representation is not a requisite to recovery of punitive damages in cases involving reckless misrepresentations. If the evidence shows that the representations were made without knowledge, but made so recklessly as to amount to knowledge of the falsity the jury is authorized to award punitive damages.
In the case at bar, Taliaferro testified that the salesman told him the car was a "one-owner." The evidence and reasonable inferences therefrom show that the salesman was very familiar with the automobile and its particular problems. He knew what parts had been replaced and what repairs were needed. Cooper Chevrolet mechanics had worked on the vehicle and presumably were intimate with the vehicle. There was testimony at trial that it is necessary to know what year an engine is in order to obtain parts. It is undisputed that Cooper Chevrolet had to replace certain parts on the automobile. Cooper Chevrolet is in the business of dealing in automobiles and should be in the better position to know the history of the automobile it sold Taliaferro.
From the above, the jury could reasonably conclude that Cooper Chevrolet should *Page 160 
have known, or at best, did not know if the automobile was a "one-owner" and that any representation as to that matter was made so recklessly as to amount to knowledge of its falsity. Furthermore, and more importantly, the jury could have reasonably concluded from the evidence that Cooper Chevrolet knew or should have known that the automobile did not have the original engine and, in fact, had an engine three years older than the automobile itself and that Cooper Chevrolet acted recklessly by its representations and that the representations were made so recklessly as to amount to knowledge of their falsity. Put another way, the jury could have reasonably concluded that Cooper Chevrolet represented the automobile as a 1978 Ford Pinto when in reality it had a 1975 Mercury Bobcat engine and that such representation was made with a reckless disregard to the truth amounting to the same as knowledge of the falsity of the representation. Again, for a more detailed discussion of the law we refer the reader to the cases mentioned above, Treadwell Ford, Inc. v. Lewis and Big ThreeMotors v. Smith.
Needless to say, the above facts show "injury," hence, certain principles of law as enumerated in Purcell Co., Inc. v.Spriggs Enterprises, Inc., 431 So.2d 515 (Ala. 1983), are not controlling. Under Alabama law, a jury may award punitive damages even though there is a failure to show any actual damages. In other words, proof of nominal damages will support a claim for punitive damages. Rushing v. Hooper-McDonald, Inc.,293 Ala. 56, 300 So.2d 94 (1974).
The imposition of punitive damages in certain cases of fraud is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing similar wrongs. It is for the jury to determine whether the actions of the defendant are such as to require the imposition of punitive damages. Loch Ridge Construction Co., Inc. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973). Considering all the circumstances, an award of $4,500 is not against the weight of the evidence.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.