BRADLEY, Judge.
Mrs. B.W. (Velma) Carter, placed a sign on her property advertising a portion of it for sale. James C. Cooley and his wife, Lenora Cooley, Tim McCoy Cooley and his *939 wife, Frances E. Cooley, commenced negotiations with Mrs. Carter for the purchase of the advertised portion of her property. After a survey was completed, the Cooleys ■ purchased the property on August 4, 1970. In September 1970 the Cooleys moved two mobile homes onto the property and paved a parking area in the rear of the mobile homes. The paved parking area was used by the Cooleys to park their cars and trucks.
The Cooleys used a road, claimed by Mrs. Carter to be a private road, to drive into and out of the paved parking area. Lenora Cooley also opened a palm reading business in one of the mobile homes and displayed a sign indicating that palmist services were available. Customers for that service used the road to drive onto the asphalt parking area.
Mrs. Carter became annoyed with the traffic on the road and in November 1979 closed off part of the road. She had two metal posts buried in the ground with a chain hung between the two posts to deny access to vehicular traffic. James Cooley removed one of the posts and continued to use the private road.
Approximately two weeks later Mrs. Carter had a load of dirt placed on the length of the road, which effectively denied use of the road. After this occurrence the Cooleys brought suit, alleging that Mrs. Carter had fraudulently represented to them that the road in question was a public road and that its northern boundary abutted the southern boundary of the property purchased from her. The Cooleys further alleged that Mrs. Carter blocked the road, claiming it to be a private road, and thus denied the Cooleys access to their property. A trial was held and the jury awarded the Cooleys $7,000 in damages. After the denial of her posttrial motions, Mrs. Carter appeals.
The first issue to be considered here is whether Mrs. Carter fraudulently represented to the Cooleys that the road in question was a public road and that the southern line of the property purchased from her was the northern edge of the road, thus assuring the Cooleys of access to that public road. Mrs. Carter argues that the actual boundaries of the property sold to the Coo-leys were accurately set out in the deed and that she did not misrepresent to the Cooleys the status of the road in question, i.e. whether it was a public road. Mrs. Carter also argues that the road was a private road and she thus had the right to prevent the Cooleys or anyone else from using it.
The evidence introduced at trial concerning whether Mrs. Carter had misrepresented the status of the road is in sharp conflict. The jury found for the Cooleys, i.e. that Mrs. Carter had fraudulently misrepresented the status of the road in question.
Where the evidence is conflicting but sufficient to support the verdict of the jury, the judgment of the trial court will not be set aside unless this court is convinced that the verdict is wrong or unjust. Shiver v. Waites, 408 So.2d 502 (Ala.1981). After a careful examination of the evidence in the record before us, we are not convinced that the verdict and.judgment are wrong or unjust.
Mrs. Carter’s other issue questions the award of any damages to the Cooleys. She contends that the Cooleys suffered no actual damage and thus should not have received a monetary award.
In Alabama a jury may award punitive damages even though there is a failure to show actual damages, i.e. proof of nominal damages will support a punitive damages award. Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94 (1974). The court charged the jury on punitive damages.
The imposition of punitive damages in certain fraud cases is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing similar wrongs. Cooper Chevrolet, Inc. v. Taliaferro, 439 So.2d 158 (Ala.Civ.App.1983). The imposition of punitive damages is left to the jury in such cases.
The case was tried on the basis of fraudulent misrepresentations as to the status of the road in question; the judge charged the *940 jury on fraudulent misrepresentation and also charged the jury on nominal and punitive damages. Neither party objected to any of the above.
The jury returned a verdict for the plaintiffs in the amount of $7,000. There is sufficient evidence in view of the theory upon which the case was tried to support that verdict.
The judgment of the trial court is affirmed.
The Cooleys’ Rule 38, Alabama Rules of Civil Procedure, motion is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.