Roy Taylor appeals from the trial court's granting of directed verdicts in favor of the defendants, Moorman Manufacturing Company and James Atanasoff, in a fraud and misrepresentation case. We affirm.
Mr. Taylor was employed on or about March 31, 1983, as a salesman of feed products for Moorman. Mr. Atanasoff, the district sales manager for Moorman, dealt with Mr. Taylor in negotiating a contract of employment. Mr. Taylor signed the contract with Moorman, dated March 31, 1983, after reading it. The contract provided that Moorman authorized Mr. Taylor to:
 "Solicit orders from parties whose names are assigned to him and listed in his territory records and who live in the following territory: Colbert County, Alabama, West of Highway 43; Lauderdale County, Alabama, West of Highway 157."
Mr. Taylor received a "territory listing form," signed by Mr. Atanasoff, which listed Mr. Taylor's initial customers alphabetically. Mr. Taylor testified that he did not remember receiving this and had never seen it before the time of the trial, at which time he found it among some papers he had received from Moorman about a week or so after signing the contract. At the time of negotiating the contract, Mr. Taylor and Mr. Atanasoff sat down together and came up with a list of possible customers, which Mr. Taylor recorded in a notebook he maintained, which was called a "territory record book."
During the early negotiations Mr. Taylor asked Mr. Atanasoff about a territory that would not have competition from other salesmen. He was told by Mr. Atanasoff that he could have one west of Highway 43 in Colbert County and west of Highway 157 in Lauderdale County. Mr. Taylor testified that he read the contract casually and that the paragraph he most remembered was the one that allowed either party to terminate the contract. He stated that this factor was most important to him at that time.
Sometime in May of 1983, Mr. Taylor learned that another salesman, Mr. Jim Davis, was selling to two customers west of Highway 43 in Colbert County. The evidence shows that Mr. Davis was hired prior to Mr. Taylor and that the two customers west of Highway 43 were assigned to Mr. Davis at the time he was hired. The two customers were not listed in either Mr. Taylor's territory listing form or in his territory record book. Mr. Atanasoff told Mr. Taylor that these customers would be transferred to him when a smooth transition could be made, because one of the customers had indicated that he did not want to change salesmen when he was contacted by Mr. Taylor and Mr. Atanasoff.
Mr. Taylor alleges that Mr. Atanasoff represented to him that he would have an exclusive territory without competition and that this representation was made falsely with the intent to deceive and that he is thus entitled to punitive damages. He further alleges that he is entitled to compensatory damages, including commissions from the sales made by Mr. Davis to the two customers west of Highway 43.
The trial court granted two separate directed verdicts; the first one was granted at the close of the plaintiff's case on the issue of punitive damages, and the second one was granted on the issue of compensatory damages after the defense rested its case without offering any evidence.
The imposition of punitive damages is permitted where a misrepresentation is made willfully to deceive and where the misrepresentation of a material fact is made recklessly without knowledge of its falseness. See Cooper Chevrolet, Inc. v.Taliaferro, 439 So.2d 158 (Ala.Civ.App. *Page 1189 
1983); Treadwell Ford, Inc. v. Lewis, 416 So.2d 406
(Ala.Civ.App. 1981), judgment reversed, 416 So.2d 410 (Ala. 1982), on remand, 416 So.2d 420 (Ala.Civ.App. 1982); Big ThreeMotors, Inc. v. Smith, 412 So.2d 1214 (Ala.Civ.App. 1980), judgment reversed, 412 So.2d 1218 (Ala. 1981), on remand,412 So.2d 1219 (Ala.Civ.App. 1981), judgment reversed,412 So.2d 1222 (Ala. 1982), on remand, 412 So.2d 1225 (Ala.Civ.App. 1982).
In the present case, there is no evidence that Mr. Atanasoff made representations to Mr. Taylor with an intent to willfully deceive him or made representations recklessly without regard to their truth. There is evidence that during the negotiations, Mr. Atanasoff told Mr. Taylor that he would have a territory without competition. However, the contract which Mr. Taylor later read and signed provided that he was to solicit orders from persons assigned to him and listed in his territory records. Both parties sat down together and came up with the names which were put into Mr. Taylor's territory record book. Thus, based upon the foregoing, we find that the trial court was correct in directing a verdict for the defendants on the issue of punitive damages.
We turn now to the issue of compensatory damages and the elements necessary to constitute legal fraud. Whether a representation is made willfully, recklessly, or mistakenly, the essential elements of fraud include: (1) a false representation, (2) concerning a material existing fact, (3) upon which the plaintiff has relied, and (4) has been damaged as a proximate result. Haddox v. First Alabama Bank ofMontgomery, N.A., 449 So.2d 1226 (Ala. 1984).
Mr. Taylor testified that he relied on the representation made by Mr. Atanasoff that he would not have competition in his territory. Mr. Taylor also testified that he read the contract of employment and that the paragraph he most remembered was the one which allowed either party to terminate the contract and that this was the most important factor at that time to him.
One of the essential elements that must be proven by a party charging fraud is reliance, and the reliance must be reasonable under the circumstances. Code 1975, § 6-5-101; Desroches v.Complete Auto Transit, Inc., 409 So.2d 417 (Ala. 1982); BedwellLumber Company, Inc. v. T T Corporation, 386 So.2d 413 (Ala. 1980). Where a party has reason to doubt the truth of the representation or is informed of the truth before the acts, he has no right to act on the representation. Bedwell LumberCompany, Inc., supra.
From the facts presented, it appears that Mr. Taylor was not induced to enter the contract based on Mr. Atanasoff's statement that he would have a territory without competition, but rather upon the clause in the contract that allowed him to terminate the contract, at anytime. He also read the other provisions of the contract which stated that customers would be assigned to him in a specified territory, and he was in fact given a list of such customers. These factors gave Mr. Taylor a reason to doubt the truth of the representation that he would have no competition in his territory. In fact, Mr. Taylor had no competition from other Moorman salesmen for the customers that were assigned to him. Therefore, we conclude that it was not reasonable for Mr. Taylor to rely on the representation made prior to entering the contract with Moorman. Consequently, in the absence of any proof of reliance upon the representation, the directed verdict entered by the trial court on the issue of compensatory damages was proper.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 1190