HOUSTON, Justice
(concurring specially):
The dealer makes the same argument that the appellant made in Mobile Dodge, Inc. v. Alford, 487 So.2d 866 (Ala,1986). In this case, as in Mobile Dodge, the instructions given by the trial court on punitive damages included the phrase “malicious, oppressive or gross.”
In Mobile Dodge, Inc., supra, at 871, we wrote:
“Mobile Dodge argues that punitive damages should be allowed only under ‘exceptional and extraordinary circumstances clearly indicating aggravated, malicious or spiteful conduct’ (quoting from Chief Justice Torbert’s dissenting opinion in Winn-Dixie Montgomery, Inc. v. Henderson, 395 So.2d 475 (Ala.1981)). If this were the standard for the imposition of punitive damages in Alabama, the trial court would not be in error, because its instructions included the phrase ‘malicious, oppressive or gross’ in addition to the requirement of intent to deceive. However, the fact that the law requires only an intent to deceive or defraud for the imposition of punitive damages, American Honda Motor Co. v. Boyd, 475 So.2d 835 (Ala.1985), does not place the trial court in error insofar as the defendant Mobile Dodge is concerned.”
TORBERT, C.J., concurs.