I concur in the judgment reversing the summary judgment with respect to Count V. I dissent from the judgment affirming the summary judgment with respect to negligent manufacture (the defective product claim) and with respect to the fraud claim. As to the defective product claim, see my dissent in Lloyd WoodCoal Co. v. Clark, 543 So.2d 671 (Ala. 1989).
As to the fraud claim against Precision, one could hardly envision a more extreme set of circumstances in which a misrepresentation of material fact was made with reckless disregard of the consequences. The plaintiff expressed to Precision's employee his concern that the coupling was incapable of being oiled, and inquired specifically what, if anything, could be done to avoid the self-destruction of the machine. In response to this inquiry, the defendant assured the plaintiff that his concern was misplaced and that the coupling was properly made so as not to require oiling. It was, in fact, the lack of lubrication that caused the machine to self-destruct.
The language from George v. Federal Land Bank of Jackson,501 So.2d 432 (Ala. 1986), relied upon by the majority, is a perfectly good statement of the law in the factual context ofthat case; however, in the context of this case, the language of Winn-Dixie Montgomery, Inc. v. Henderson, 395 So.2d 475, 476
(Ala. 1981) — "when representations are made recklessly and heedlessly without any regard to their consequences, they will supply the necessary intent to support a fraud action" — should be applied to test the fraud claim here under review. When so tested, the plaintiff's fraud claim, in my opinion, clearly withstands Precision's motion for summary judgment. Theevent here represented, and relied upon by the plaintiff, is not a future event, but a present condition. The only future event is the resultant damage — the self-destruction of the machine. See, also, International Resorts, Inc. v. Lambert,350 So.2d 391 (Ala. 1977).
KENNEDY, J., concurs.