HOLMES, Retired Appellate Judge.
Eric Person appeals the dismissal of his complaint filed against the Alabama Department of Forensic Sciences and its deputy director, Dr. James M. Buttram (hereinafter collectively referred to as “the Department”). We affirm.
Our review of the record reveals the following: In October 1996, Person, an inmate in the Alabama prison system, sent a letter to the Department, requesting copies of seven specific documents. Person claimed that he was entitled to the requested information pursuant to Ala.Code 1975, § 36-12-40— “Rights of citizens to inspect and copy public writings.”
On February 3, 1997, Person filed a complaint against the Department, alleging that it had improperly withheld the requested information in violation of § 36-12-40. Person specifically requested that the trial court enjoin the Department from withholding the information.
The Department filed a motion to dismiss the complaint on the basis of sovereign immunity and for failure to state a claim upon which relief could be granted. The motion was supported by a memorandum and other documentation.
On June 6, 1997, the trial court conducted a hearing. No one appeared on behalf of Person, nor did Person request a continuance. On July 3, 1997, the trial court entered an order, dismissing Person’s complaint against the Department.
Person appeals, contending that the trial court erred in dismissing his complaint.
At the outset we would note that our supreme court, in Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985), stated the following well-settled standard of review applicable to motions to dismiss:
“It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala.1978).”
Suffice it to say, we have reviewed the record and conclude that Person’s complaint, among other things, fails to state a claim upon which relief could be granted. As noted previously, Person filed his complaint pursuant to § 36-12-40, which provides that “[ejvery citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute.” In his complaint Person alleged that the Department improperly withheld his requested information.
A reply letter, however, which was attached to the Department’s motion to dismiss, clearly shows that the Department did not deny Person access to any of the requested information. The letter sent by the Department to Person states the following:
“In response to your request for copies of documents or to inspect certain documents and protocols, those documents are available for inspection in the office here in Auburn between the hours of 8:00 a.m. and 5:00 p.m. Monday through Friday. We will not make available protocols for drug testing without some reasonable grounds for receiving such, since certain information on testing for drugs can be used for the manufacture of illegal drugs. Please *205 advise when you would like to inspect the documents available to you.”
Clearly, the Department complied with § 36-12-40 by providing Person with an opportunity to copy and/or to inspect the requested documents. Regarding the protocols for drug testing, the Department had a right to request that Person give reasonable grounds for inspecting this information in order to determine whether his intended use of the information was for legitimate or proper purposes. See Blankenship v. City of Hoover, 590 So.2d 245 (Ala.1991).
More importantly, we add that § 36-12-40 does not require the Department to copy or to send the requested information to Person. Furthermore, we find it interesting to note that after his initial request, Person apparently took no further steps to procure the requested information.
Based on the foregoing, we conclude that the trial court did not err in dismissing the complaint against the Department, since the Department did not improperly withhold information, as alleged by Person.
As the above is dispositive of this appeal, we pretermit discussion of Person’s remaining issue regarding sovereign immunity. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.