Plaintiff, Jerry F. Little, sued Bolton Ford of Mobile, Inc., claiming that Bolton misrepresented that a 1973 Galaxie demonstrator sold to him had never been wrecked. A jury awarded him $12,000, compensatory and punitive damages. Bolton appealed.
The facts are essentially undisputed. When Bolton received the car in question in its inventory, it was new. It was later assigned as a "demonstrator" to a salesman, who admittedly hit a curb and damaged the vehicle. There was evidence that the impact was hard enough to bend in the front bumper and fender, blow out two tires and bend the rim on the front wheel. The car was repaired in Bolton Ford's shop, an insurance claim was filed on it, by Bolton Ford, and it was later put on BoltonFord's showroom as a "demonstrator" with a speedometer reading of "3,412" miles.
Little testified that in November of 1973, he went to Bolton Ford and dealt with Walter Spragg, Bolton's salesman. He was told that the car was a demonstrator. He paid $3,900 for it. At the time the sale was being written up, Little said he asked Spragg if the car had been wrecked and Spragg said "No." Spragg denied knowing that the demonstrator had, in fact, been damaged in a wreck. Little determined that the car had, in fact, been in a wreck, but this discovery was some twenty-one months later, when another automobile backed into the right fender and the repairman told Little's mother that the car had sustained previous damages.
During the trial, Little testified that he would not have paid over $2,000 for the car if he had known it had been in a wreck. He said that he had to have the front end aligned several times and that he got fewer miles out of tires than he expected.
Bolton argues that since its salesman, Spragg, did not know that the car had been wrecked, buyer Little failed to prove *Page 1210 
the requisite elements of his action. We disagree. The evidence shows that several other agents of Bolton knew that the demonstrator had been in a wreck, and Bolton cannot escape liability merely because its salesman was not informed of the true facts. In J. Truett Payne Co. v. Jackson, 281 Ala. 426,203 So.2d 443 (1967), the argument was made that the salesman there did not know where the car came from. This court opined: "These are fact questions which the jury resolved in favor of the plaintiff."
Bolton Ford also claims that the buyer failed to prove his compensatory damages. We disagree. The buyer paid $1,900 more than he would have paid, according to his own testimony; he claimed extra expense because of the need to have the front end realigned, and because the front tires wore out unusually fast. The record also shows that the buyer financed the purchase; therefore, he financed $1,900 more than would have been necessary otherwise. We think that there was sufficient evidence to justify a jury award of $3,000, the amount claimed in Count I of the complaint.
The only other issue raised is whether the trial court erred in allowing the case to go to the jury on the issue of punitive damages. In Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 546,133 So.2d 24 (1961), this court held, speaking through Justice Lawson:
 "The imposition of such damages [punitive] in cases of fraud and deceit is discretionary with the jury, acting with regard to the enormity of the wrong and the necessity of preventing a similar wrong. . . ."
This rule was restated in J. Truett Payne Company v. Jackson, supra, where it is stated:
 ". . . It is no longer subject to question that punitive damages are allowed in this state in fraud cases where the defendant has made false misrepresentations intended to defraud the plaintiff. We have further held that the awarding of punitive damages in such a case is discretionary with the jury . ." (281 Ala. at 429, 203 So.2d at 446).
There is evidence in the instant case from which the jury could have concluded that Bolton Ford, knowing that it was not true, represented to the plaintiff that the automobile he purchased had not been involved in a wreck, and that such misrepresentation was made with intent to deceive the plaintiff. The trial court, therefore, properly submitted the issue of punitive damages to the jury.
The judgment appealed from is affirmed.
AFFIRMED.
All the Justices concur.