BRADLEY, Judge.
This is a fraud ease involving a truck van.
Debbie Lewis filed a three count complaint against Treadwell Ford seeking damages for willful, reckless, and mistaken misrepresentation in the sale of a truck. After a jury trial and on January 8,1980, the trial court rendered a judgment for Lewis and against Treadwell Ford for $10,000 on the reckless misrepresentation count. The trial court had previously granted a directed verdict for Treadwell Ford on the willful misrepresentation count.
On January 17, 1980 Treadwell filed a motion for a new trial or, in the alternative, a judgment n. o. v. On April 16, 1980 Treadwell’s motion was conditionally granted unless Lewis failed to remit $8,100 within thirty days. On April 21, 1980 Lewis requested the court to reconsider its order of April 16,1980. This motion was granted on May 23, 1980 and the $10,000 judgment was reinstated. Treadwell then filed notice of appeal to this court.
Treadwell contends here that the trial court should not have submitted the issue of punitive damages to the jury and erred to reversal in not granting the motion for new trial on that ground. We agree and reverse.
The evidence shows that Treadwell Ford bought a Ford van from Wepco. Leasing Company as a trade-in on another vehicle sold to Wepco. Wepco told Treadwell that the trade-in was a 1972 model van when, in *407 fact, it was a 1969 van. A 1972 model van and a 1969 model van are identical except for two digits in their serial number. Treadwell had a book in its parts department which could be referred to in order to determine the model year, but Treadwell relied on Wepco’s representation instead.
Soon after buying the van from Wepco, Treadwell sold it to Lewis representing it to be a 1972 van. Lewis, in the company of a brother, went to Treadwell seeking a van. They drove the van in question and asked the salesman about the history of it. The salesman informed them of the repairs which had been made to the van and furthermore gave them the name of the former owner. Wepco was then contacted by the brother, and Wepco acknowledged the van was a 1972 model.
Lewis stated that the purchase price of the van was $3,997.50. She further testified she would not have paid more than $2,000 for the truck if she had known it was a 1969 model.
The dispositive issue here is whether there was any evidence before the jury to support a verdict for punitive damages.
In order for the jury to award punitive damages in this case, there must have been evidence from which it could have concluded that the fraud was malicious, oppressive or gross and the statements were made recklessly without regard to their truth and without caring or knowing if they were true or not. Big Three Motor Co. v. Smith, 412 So.2d 1219 (Ala.Civ.App.1981).
The record is devoid of any evidence which shows Treadwell acted so heedlessly or so recklessly as to authorize the award of punitive damages. The evidence reveals that Treadwell relied on the representations made by Wepco as to the model year of the van. Furthermore, Lewis’s brother called Wepco and confirmed that the van was a 1972 model. It is conceded that Treadwell failed to examine the book in its parts department which would have revealed the correct model year. However, we are not persuaded that such an omission amounts to gross, oppressive or malicious conduct so as to warrant the imposition of punitive damages. Proctor Agency, Inc. v. Anderson, Ala., 358 So.2d 164 (1978); Continental Volkswagen, Inc. v. Soutullo, 54 Ala.App. 410, 309 So.2d 119 (1975).
In her brief Lewis relies heavily on Bolton Ford of Mobile, Inc. v. Little, Ala., 344 So.2d 1208 (1977) and Neil Huffman Volkswagen v. Ridolphi, Ala., 378 So.2d 700 (1979). We consider this reliance to be misplaced. These cases involved actual knowledge by the car dealers of the falsity of the representations made. In the case at bar, there is no evidence that Treadwell had actual knowledge of the falsity of the representation made by it to Lewis.
For the reasons above noted, the trial court committed reversible error in failing to grant Treadwell’s new trial motion; consequently its judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., concurs.
HOLMES, J., dissents.