416 So.2d 410 (1982)
Ex parte Debbie LEWIS.
(In re TREADWELL FORD, INC. v. Debbie LEWIS).
80-638.
Supreme Court of Alabama.
April 2, 1982.
Rehearing Denied May 21, 1982.
Gary D. Porter, Mobile, for petitioner.
Vincent F. Kilborn, III of Kilborn & Gibney, Mobile, for respondent.
PER CURIAM.
This is a review of the Court of Civil Appeals' reversal of a judgment, 416 So. 2d 406, for Plaintiff Debbie Lewis and against Defendant Treadwell Ford based upon a claim of misrepresentation in selling Plaintiff a 1969 model Ford van as a 1972 model. We granted certiorari in this case in order to clarify this State's law as it applies to actions for fraud and deceit (§ 6-5-100 et seq., Code 1975).
Treadwell sold a vehicle to Wepco Leasing and received as a "trade-in" a 1969 model Ford van which Wepco represented to be a 1972 model. Lewis and her brother, interested in purchasing a van, drove the vehicle in question which Defendant had received from Wepco and later questioned Defendant's salesman about the van's history. They were shown the repairs that had been made on the van and were given the name of Wepco as the former owner of the van. Defendant's salesman told them the van was a 1972 model, as did a representative of Wepco who was contacted by Plaintiff's brother.
From the evidence it appears that the 1969 and 1972 models of Ford vans are identical in appearance. They are distinguishable, however, when their serial numbers are compared with the serial numbers in a book maintained in the parts departments of automobile dealers. Treadwell relied on Wepco's representation that the van was a 1972 model vehicle and, in both purchasing the van from Wepco and selling the van to Plaintiff, Treadwell did not compare the serial number of the van with the book in its parts department.
After a jury trial, judgment was entered for the buyer for $10,000.00 on her claim for reckless misrepresentation. The seller appealed, maintaining that the trial court had *411 committed reversible error in submitting the issue of punitive damages to the jury. The Court of Civil Appeals reversed, stating in part:
"In order for the jury to award punitive damages in this case, there must have been evidence from which it could have concluded that the fraud was malicious, oppressive or gross and the statements were made recklessly without regard to their truth and without caring or knowing if they were true or not. Big Three Motors, Inc. v. Smith [412 So.2d 1219] (Ala.Civ.App.1981).
The record is devoid of any evidence which shows Treadwell acted so heedlessly or so recklessly as to authorize the award of punitive damages.... It is conceded that Treadwell failed to examine the book in its parts department which would have revealed the correct model year. However, we are not persuaded that such an omission amounts to gross, oppressive or malicious conduct so as to warrant the imposition of punitive damages. Proctor Agency, Inc. v. Anderson, Ala., 358 So.2d 164 (1978); Continental Volkswagen, Inc. v. Soutullo, 54 Ala. App. 410, 309 So.2d 119 (1975)."
Lewis, the buyer, petitioned this Court for a writ of certiorari on the ground that the decision of the Court of Civil Appeals was in conflict with Big Three Motors, Inc. v. Smith, 412 So.2d 1218 (Ala.1981) (Smith I).
The issue before this Court, then, is a narrow one: Given the element of intent to deceive (which the factfinder was authorized under the evidence to find, considering the "reckless disregard of the consequences" element), was the jury warranted in awarding punitive damages?
This is the precise issue presented, addressed and answered in the affirmative in Big Three Motors, Inc. v. Smith, 412 So.2d 1222 (Ala.1982) (Smith II) (second review by this Court). We reverse and remand on the authority of Smith II, supra.
REVERSED AND REMANDED.
MADDOX, FAULKNER, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs specially.
ALMON, J., concurs in the result.
TORBERT, C. J., dissents.
JONES, Justice (concurring specially):
Undoubtedly, and understandably, this Court's decisions in several recent fraud cases of the "intent to deceive" species have misled the Court of Civil Appeals with respect to the elements of the offense necessary for the imposition of punitive damages.[1] The question of punitive damages, just as in Big Three Motors, was resolved by the Court of Civil Appeals on the basis of a lack of evidence to support a course of reprehensible conduct, beyond and in addition to, the requisite element of intent to deceive.
Section 6-5-101, Code 1975, provides a cause of action for the tort of misrepresentation of a material fact, for which compensatory damages may be awarded, even in the absence of the statute's alternative remedy for willful deceit:
"Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
The elements which, when proved, sustain an action in deceit and the concomitant recovery of punitive damages, are set out at § 6-5-103, which states in part:
"Willful misrepresentation of a material fact made to induce another to act, and upon which he does act to his injury, will give a right of action.... In all cases of deceit, knowledge of a falsehood constitutes an essential element. A fraudulent or reckless representation of facts as *412 true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood."
The distinction between the two preceding Code sections is crucial as to both the evidence required to prove the offense and the ultimate damages sought by the injured party. The distinction was recognized by this Court in Hall Motor Company v. Furman, 285 Ala. 499, 234 So.2d 37 (1970), which holds in part:
"Under our cases there is a difference between actionable fraud by misrepresentation of a material fact and an action for actual deceit. Rudisill v. Buckner, 244 Ala. 653, 15 So.2d 333. It would appear, however, that if the misrepresentation of a material fact was made willfully to deceive, or recklessly without knowledge, such conduct would be deceitful in fact. This is the first provision in [§ 6-5-101]. The last alternative found in [§ 6-5-101] relates to a fraud made by mistake and innocently. Such representation is a legal fraud, though it be only constructive. Hornaday v. First National Bank of Birmingham, 259 Ala. 26, 65 So.2d 678.
"Under [§ 6-5-101], the good faith of a party in making what proves to be a material misrepresentation, is immaterial if the other party acted on such misrepresentation to his injury. Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361. Only compensatory damages could be recovered in such a situation.
". . .
"In the often cited case of Caffey v. Alabama Machinery & Supply Co., 19 Ala. App. 189, 96 So. 454, it is pointed out that [§ 6-5-101] is but a reflection of the general law on the subject of fraudulent misrepresentation, and that fraud being alleged, and established by the evidence, punitive damages may be recovered only if the fraud was malicious, oppressive, or gross, made with knowledge of its falseness (or so recklessly made as to amount to the same thing), and made with the purpose of injuring the plaintiff. To the same effect see Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909; Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24; J. Truett Payne Co. v. Jackson, 281 Ala. 426, 203 So.2d 443.
"Under [§ 6-5-101] the misrepresentations must be of a material fact, made to be relied on as an inducement, and in fact relied on. Intent to deceive is not essential since only constructive fraud may be present in such a situation. Under [§ 6-5-103], knowledge of the fraud, with intent to deceive, is required, and under [§ 6-5-103], the scope of liability is extended to cases of concealment of the fraud, and thus `material fact' has a wider meaning under [§ 6-5-103] than under [§ 6-5-101]. Cartwright v. Braly, 218 Ala. 49, 117 So. 477."[2]
A claim of fraud, then, of the "innocent" or "legal" species carries no requirement of proof that the defendant had knowledge of the falsity of the matter represented, only that the defendant misrepresented a material fact which was acted upon to the injury of the other party. While liability for innocent fraud is not dependent upon knowledge of the falsehood (and, therefore, not dependent upon an intent to deceive), compensatory damages only may be awarded.
Deceit, on the other hand, as contemplated by § 6-5-103, is an intentional tort which, when proved to the satisfaction of the finder of fact, will support an award of punitive damages. International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977). Absent an initial finding of the essential element of "knowledge of a falsehood," however, there can be no determination of an intent to deceive; and, therefore, the factfinder would be precluded, as a matter of law, from awarding punitive damages. See Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981).
It is the finding of intent to deceive, which must be based upon the initial finding of knowledge of the falsity of the material *413 representation, that triggers the discretionary power of the factfinder to award punitive damages. It is a misinterpretation of the cases to require that the incidents of grossness, oppressiveness, and maliciousness be found as additional elements to be superimposed upon the statutory requisite of intent to deceive, in order to warrant punitive damages.[3]
This is the reason for the clarifying language in Shiloh Construction Co., Inc. v. Mercury Construction Corp., 392 So.2d 809 (Ala.1980):
"Once an intent to deceive has been established it is difficult to see but that a fraud was committed grossly. Randell v. Banzhoff, 375 So.2d 445 (Ala.1979); Hall Motor Co. v. Furman, supra. Proof of fraudulent intent at the time the representation is made is required in cases where fraud concerns a promise or representation regarding a future event, Southeastern Properties, Inc. v. Lee, 368 So.2d 288 (Ala.1979). In such cases, if, from the evidence, the jury finds present-intent fraud regarding the future event to conclude a fraud was committed, the award of punitive damages is properly within the discretion of the jury." Shiloh, 392 So.2d at 814.
While Shiloh involved a misrepresentation relating to a future event, thus requiring a present intent to deceive, it demonstrates that the gravamen of a punitive award claim pursuant to § 6-5-103 is the intent to deceive. The law does not recognize two separate and distinct species of the tort of deceit: One with fraudulent intent, but without the elements of grossness, oppressiveness and maliciousness (thus not authorizing punitive damages); and another with fraudulent intent accompanied by gross, oppressive, and malicious conduct (thus authorizing punitive damages). Indeed, except that the factfinder is warranted by the evidence in finding a degree of culpable conduct that may be characterized as gross, malicious, and oppressive, it is not warranted in finding the essential element of "intent to deceive."
Thus, evidence of a material misrepresentation sufficient to establish an intent to deceive, made with knowledge of its falsity, establishes the legal criteria that authorize punitive damages. It is the intentional commission of a tortone person's intentional injury of anotherthat invokes the factfinder's prerogative to award exemplary damages. The degree and extent of the tortfeasor's culpable conductits gravity and enormityare the standard by which the factfinder determines the willfulness of the misrepresentation, i.e., the intent to deceive; and they serve as the yardstick by which the factfinder exercises its discretion to award punitive damages and measures the amount of the award.
In the instant case the trial court had no problem sustaining the jury's finding of the "knowledge of the falsehood" element, because the controlling statute states: "A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." § 6-5-103.[4]
*414 Where the evidence, as here, shows that the one making the representation is an automobile dealer, thus having superior knowledge and opportunity to know the facts, who misrepresents a material fact such as the model year of the vehicle, the trier of fact is warranted in reasonably inferring from such evidence that the dealer possessed the requisite "knowledge of the falsehood" to support a further finding of intent to deceive and thus support an award of punitive damages. In other words, reliance upon a former owner's representation of the vehicle's model year does not, as a matter of law, preclude the trier of fact from finding, as a reasonable inference, that the dealer's affirmative misrepresentation, if made to deceive, was made so recklessly and heedlessly as to amount to a "reckless representation of fact as true," thus supplying the "knowledge of the falsehood" statutory requisite element of the offense. § 6-5-103.
In upholding a punitive damages award in International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977), where the claim of deceit was defended on the ground of lack of knowledge of the falsehood, this Court said at p. 395:
"... There is evidence from which the jury could have concluded that International Resorts misrepresented the facts to these plaintiffs and, whether made intentionally to deceive, or merely made recklessly without regard to their truth, if made so heedlessly without any regard to the consequences, they were sufficient to support the jury verdict."
The comparative ease with which this dealer could have ascertained the true model year of the van; the inherent difference in the market value between a 1969 and a 1972 model; the salesman's affirmative and unequivocal representation of the model year as 1972, are all circumstances giving rise to reasonable inferences supportive of a jury finding of the legal incidents of the statutory elements of "knowledge of the falsehood" and "intent to deceive." Most compelling, perhaps, is the jury's prerogative to conclude that the responsibility of the seller to know and speak the truth is enhanced, rather than diminished, by the very fact that all the vans on display, though varying in model year from 1969 to 1972, looked exactly alike.
The culpable nature of the conduct necessary to supply the "intent to deceive" element need not be "outrageous" in the sense of being personally offensive, humiliating, embarrassing, degrading, or dehumanizing.[5] Indeed, as here, it may well be cloaked in politeness and courtesy; yet it may be gross, malicious, and oppressive in the sense of being committed with the intent to deceive.
For the sake of clarity, I conclude my concurring opinion by distinguishing the instant holding from that of Hopper v. Curry, 408 So.2d 83 (Ala.1981). There, in a suit claiming inter alia innocent fraud in the *415 sale of land, we affirmed a judgment based upon findings of fact favorable to the sellers. While the facts appear somewhat similar, in that in each case there was an alleged misrepresentation as to the item sold, and, while we reached different results from the point of view of denying recovery in Hopper and allowing recovery in the instant case, the two holdings are fully reconcilable.
To be sure, the "different" holdings of the cases demonstrate a point worthy of emphasis. In each case we affirmed the judgments below based upon the factfinder's conclusions of fact. We have held in each case that the evidence of record amply supports the findings of fact upon which the judgment appealed from is based.
Furthermore, in addition to our scope of review "presumption of correctness" rule, there are sufficient differences in the material facts of the two cases, particularly what the respective buyers' personal observations of the respective items purchased would reveal, in relationship to the matter represented, to amply justify the factfinders in these cases in reaching different conclusions based upon the same general legal principles.
TORBERT, Chief Justice (dissenting).
The majority per curiam opinion states that this Court granted certiorari to the Court of Civil Appeals "in order to clarify this state's law as it applies to actions for fraud and deceit." I dissent for the reason that it is my view that the facts in evidence, viewed with all reasonable inferences in favor of the jury award of punitive damages for the plaintiff, simply are insufficient to sustain an award of exemplary damages in this case. More important, however, is my concern that the law with respect to this important issue is yet to be clarified by a clear majority of this Court, and I write to focus attention on our decisions relating to this legal issue. As the court of last resort of this state, it is our obligation to develop clear principles of law to guide our trial courts in properly charging juries and to inform the bar who advise their clients, our citizens, of their respective rights and obligations in their dealings with each other.
This Court's difficulty in pronouncing the law in cases involving the review of jury verdicts awarding punitive damages is apparent in its recent cases. In Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala. 1981), Justice Beatty, writing for the Court, sustained a jury verdict finding intentional fraud, i.e., "a misrepresentation of a material fact made willfully to deceive," 404 So.2d at 27, but required a remittitur of the punitive damages on the basis that the necessary element "that the fraud must be gross, malicious, oppressive and committed with the intent to injure," 404 So.2d at 28, was not sustained by the evidence. In my special concurring opinion, I attempted to raise the legal issue as to whether a finding of "intentional" fraud alone could justify in law punitive damages. My analysis of the controlling opinion in that case seemed to be that a fraud could be committed "knowingly" but without grossness, maliciousness, or oppressiveness or intent to injure and defraud. However, Justice Jones, also concurring specially, laid emphasis upon "whether the alleged culpable conduct [of a tort-feasor] measures up to the statutory requisite element of `intent to deceive,'" 404 So.2d at 30, and he said that "[c]onduct which rises to the level of affording a cause of action under [Code 1975] § 6-5-103 necessarily rises to the level of conduct authorizing punitive damages." Justice Jones concluded:
"The instant case falls short of one authorizing punitive damages, not because the intent to deceive is unaccompanied by gross and oppressive conduct, but because of the absence of another essential statutory element'a knowledge of the falsehood.' Although a fact is misrepresented, it will not support an action for willful deceit unless made with knowledge of its falsity; and such knowledge, as statutorily defined, must be coupled with an intent to deceive."
404 So.2d at 30 (emphasis added except on the word intent).
*416 Our most recent decision, Big Three Motors, Inc. v. Smith, 412 So.2d 1222 (Ala.1982), on writ of certiorari to the Court of Civil Appeals, reversed the holding of the majority of that court which had disallowed punitive damages. In reversing the Court of Civil Appeals, this principle of law was set forth:
"[I]f the misrepresentation is shown to have been made knowing that it is false, then the law permits punitive damages by way of punishment."
412 So.2d at 1224.
In that opinion, authored by Justice Shores, it was stated that this principle was recognized as early as 1849 in the case of Munroe v. Pritchett, 16 Ala. 785. However, from the quoted portion of that early opinion, it was not clear to me that the 1849 Court was speaking to the issue of exemplary or punitive damages. However, it is recognized that eight Justices concurred in Big Three Motors, Inc. v. Smith, with this writer concurring in the result. In Big Three Motors emphasis was added to the following portion of the 1849 decision:
"Did the law allow the action to punish the untruth, and not as a compensation to the party injured by its consequences, then it would be proper to make the action depend upon the scienter; but the action is for the injury sustained by reason of the reckless, false assertion of the vendor, which was calculated to deceive and did deceive the purchaserconsequences which to him are precisely the same, whether the vendor knew or did not know, or care to know, that the assertion was false."
16 Ala. 790-791.
The majority in the instant case on appeal again reverses the decision of the majority of the Court of Civil Appeals, on the authority of Big Three Motors, and again Justice Jones, concurring specially, consistent with his earlier expressions, writes that the "the gravamen of a punitive award claim pursuant to § 6-5-103 is the intent to deceive." See also, Big Three Motors, Inc. v. Smith, 412 So.2d at 1222.
In his special concurring opinion in this case, Justice Jones cites International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala. 1977), for the proposition that "deceit ... as contemplated by § 6-5-103 is an intentional tort which ... will support an award of punitive damages." I do not read the majority opinion in Lambert that way, although the Court sustained the award of punitive damages.
The imposition of punitive damages in cases involving fraud and deceit is not specifically provided for by statute, but we have engrafted into our statutes by case law the circumstances of conduct that would authorize the imposition of such damages.
"[As with other intentional torts,] misconduct on the part of defendant's employee, with knowledge of the situation, [can be] such a willful wrong, committed in such reckless disregard of the necessarily injurious consequences to the plaintiff, as [to] authorize the jury to punish the defendant therefor by the imposition of exemplary damages....
". . .
"The true theory of exemplary damages is that of punishment, involving the ideas of retribution for willful misconduct, and an example to deter from its repetition."
Alabama Great Southern Railroad Co. v. Sellers, 93 Ala. 9, 14-15, 9 So. 375 (1890).
Fraud and deceit developed as did other intentional torts in which the culpable conduct of the defendant authorizes the award of punitive damages. This development can be seen in Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454 (1922), wherein the Court of Appeals stated:
"Unless the jury could conclude from the evidence that the fraud was malicious, oppressive, or gross, the representations being made with a knowledge of their falseness (or so recklessly made as to amount to the same thing), and with the purpose of injuring the plaintiff, there could be no recovery of punitive damages. In this case, so far as the record discloses, there is no element or evidence justifying *417 a verdict for punitive damages. If the fraud was committed, and is proven according to the rules of law, the plaintiff is entitled to recover such damage as will compensate him for the loss growing out of and being the proximate result of the fraud, and being within the contemplation of the parties at the time the representations were made."
19 Ala.App. at 193, 96 So. at 457.
This test for the imposition of punitive damages in cases of fraud and deceit was adopted by this Court in Southern Building & Loan Association v. Dinsmore, 225 Ala. 550, 144 So. 21 (1932), wherein this Court opined: "Punitive damages are recoverable in actions of this character where defendant is guilty of gross fraud (27 Corpus Juris, 104), defined in Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454, 457...." Therefore, the conduct of the defendant controls the imposition of punitive damages. The factors involved are the nature of the wrong committed and the quality of the wrong committed. See, J. Truett Payne Co. v. Jackson, 281 Ala. 426, 203 So.2d 443 (1967). There can be no award of punitive damages by simply proving the elements of fraud and deceit.
The rule is and always has been "that punitive damages may not be recovered in such an action (deceit) unless the fraud is gross, malicious, oppressive and is committed with an intention to so injure and defraud." Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24 (1961).
In Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970), the following statement was made by this Court: "If the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly." 285 Ala. at 504, 234 So.2d at 42. The majority seems to equate this statement with the proving of the basic elements of fraud which must be established before any damage may be awarded by the jury. An examination of Hall Motor Co., however, reveals that this statement by the Court was in response to an argument by the defendant that since the plaintiff did not allege that the representations were made with an "intent to deceive," punitive damages could not be awarded. 285 Ala. at 503, 234 So.2d at 41. In response to that argument, this Court stated:
"If the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly. This being so, punitive damages could be recovered under Count 5, even though it be considered as framed under Section 108 [§ 6-5-101], if the count properly averred, and the evidence established that the material misrepresentation was made knowingly and falsely, was relied on by the injured party, and the fraud was gross, malicious, oppressive, and committed with an intent to injure."
This Court went on to say that "[i]f a fraud is not perpetrated grossly, maliciously, oppressively, and with an intent to deceive, the damages to be recovered are such as will compensate for actual damages received."[1] 285 Ala. at 504, 234 So.2d at 42.
This Court has consistently followed "the gross, malicious or oppressive conduct with an intent to deceive and injure" test. See, Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981); Cecil Crews Chevrolet-Oldsmobile, Inc. v. Williams, 394 So.2d 912 (Ala. 1981); Winn-Dixie Montgomery, Inc. v. Henderson, 395 So.2d 475 (Ala.1981); Shiloh Construction Co. v. Mercury Const. Corp., 392 So.2d 809 (Ala.1980); Spartan Tools v. Royal, 386 So.2d 421 (Ala.1980); Randell v. Banzhoff, 375 So.2d 445 (Ala.1979); Proctor Agency, Inc. v. Anderson, 358 So.2d 164 (Ala.1978); United States Fidelity & Guaranty Co. v. McKinnon, 356 So.2d 600 (Ala. 1978); State Farm Mutual Automobile Insurance Co. v. Ling, 348 So.2d 472 (Ala. 1977); Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976); Mid-State Homes Inc. v. Johnson, 294 Ala. 59, 311 So.2d 312 (1975); Loch Ridge Construction Co. v. Barra, 291 Ala. 312, 280 *418 So.2d 745 (1973); Ringer v. First National Bank of Stevenson, 291 Ala. 364, 281 So.2d 261 (1973); J. Truett Payne Co. v. Jackson, 281 Ala. 426, 203 So.2d 443 (1967); Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24 (1961); Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909 (1954).
I do agree with Justice Jones's characterization of that part of the legal criteria authorizing punitive damages as stated in his special concurrence that "[t]he degree and extent of the tortfeasor's culpable conductits gravity and enormity," are the factors for the factfinder to consider, but I am compelled to submit that the gravity and enormity of the culpable conduct must be measured by a standard such that the factfinder could reasonably conclude that the fraud or deceit "was gross, malicious, oppressive and committed with intent to injure and defraud."
In summary, it is my concern that if we now omit the elements of grossness, oppressiveness, and maliciousness from the legal criteria and standards which measure and control our review of an award of punitive damages, our case law will be further obfuscated to both bench and bar.
Applying the principles which have been historically and consistently applied in our cases, it is appropriate to consider the evidence in this case. The important facts in evidence are in large measure undisputed.
The appellee, Debbie Lewis, purchased from appellant, Treadwell Ford, Inc., a Ford van, serial number F70EVE15097. Treadwell sold the van to Lewis as a 1972 model for $3,979.50. Lewis found out later that the van was a 1969 model. Representatives of Treadwell stated they were not aware the van was a 1969 model, as Treadwell had previously purchased the van from a leasing company as a trade-in and the leasing company had represented to Treadwell that the van was a 1972 model. It is undisputed that a 1969 Ford van and a 1972 Ford van are identical in every way except for two digits in their respective serial numbers. The only way that Treadwell could have known the difference between the two models was by examining the parts book in which the serial number identifies the particular model. Treadwell claims that it relied on the representations by the leasing company that the van was a 1972 model and did not check the parts book.
Lewis filed suit against Treadwell in a three-count complaint. Count one alleged willful misrepresentations, count two alleged reckless misrepresentations, and count three alleged that the misrepresentations were made by mistake. The case was presented to a jury. Treadwell's motion for directed verdict was granted as to count one. The jury found for Lewis and against Treadwell under count two of the complaint (recklessly without knowledge) and assessed damages at $10,000.00.
Treadwell filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. While a remittitur, in the sum of $8,100.00, was originally ordered, it was later set aside.
The Court of Civil Appeals reversed and remanded, stating that "[t]he record is devoid of any evidence which shows Treadwell acted so heedlessly or so recklessly as to authorize the award of punitive damages." The Court of Civil Appeals based its conclusion on the following rule of law: "In order for the jury to award punitive damages in this case, there must have been evidence from which it could have been concluded that the fraud was malicious, oppressive or gross and the statements were made recklessly without regard to their truth and without caring or knowing if they were true." The majority opinion by this Court reverses the Court of Civil Appeals, relying on Big Three Motors, Inc. v. Smith, 412 So.2d 1222 (Ala.1982). The majority thus decides that punitive damages were warranted under the facts in this case. I do not believe the facts in this case warrant punitive damages.
Since the jury awarded damages under count two of Lewis's complaint, this appeal deals specifically with that count, which reads as follows:

"COUNT TWO
"1. On or about the 4th day of August, 1977, Defendant or an agent of Defendant *419 and Plaintiffs were negotiating concerning the purchase by Plaintiffs from Defendant or an agent of the Defendant of the following described property:
"One (1) 1972 Ford Vann, Model F700 Serial Number F70EVE15097
"2. At that time Defendant or an agent of the Defendant represented to the Plaintiffs that said van was a 1972 Model.
"3. The representations made by Defendant or an agent of the Defendant were false and Defendant or Defendant's agent, without knowledge of the true facts, recklessly misrepresented them in that said van was in fact a 1969 Model.
"4. Plaintiffs believed those representations and in reliance upon them purchased the property.
"WHEREFORE, Plaintiffs demand judgment against Defendants for damages in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), interest and costs."
Thus, the specific issue presented for resolution revolves around Code 1975, §§ 6-5-101 and -103, and the awarding of punitive damages under these Code sections for reckless misrepresentations. The relevant portions of §§ 6-5-101 and -103 are: § 6-5-101, "Misrepresentations of a material fact made ... recklessly without knowledge... constitute legal fraud," and § 6-5-103, "In all cases of deceit, knowledge of a falsehood constitutes an essential element. A ... reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood."
We are dealing with a jury award based upon the allegation that Treadwell recklessly made representations that were false and made them without knowledge of the facts. Both § -101 and § -103 deal with reckless conduct in fraud actions. Section -101 provides that either misrepresentations made willfully to deceive, or recklessly without knowledge constitutes legal fraud. See, Code 1975, § 6-5-101. Section -103 provides a standard that equates certain reckless representations with knowledge by simply adding the phrase "if intended to deceive." Under my view of the law, it is not controlling that the proof measured up to the standards in §-103, as Justice Jones seems to hold; but, to restate my view, it is whether the fraudulent conduct is so culpable and its gravity and enormity is such that the factfinder could conclude under the facts in evidence that the fraud was "gross, malicious, oppressive and committed with intent to injure and defraud." It is indeed curious that while count one alleged willful misrepresentation and the trial court granted a motion for a directed verdict as to that count, yet the majority now sustains a jury award for punitive damages under the reckless count. It is obvious to me that this must be inconsistent, particularly since that kind of reckless misconduct must be such that it is equivalent to knowledge of a willful fraud.
Additionally, I must comment that nowhere in count two is it alleged that the reckless conduct was made with intent to deceive as required by § -103. Under ARCP, Rule 9(b), we permit a general averment of malice, intent, knowledge, and condition of mind, yet we do not have even a general averment here.
Even leaving the above problems aside, since the jury returned a verdict for reckless misrepresentation, we must be concerned with whether sufficient evidence was presented to the jury to warrant the award of punitive damages to the plaintiff for the reckless misrepresentation by Treadwell. The facts in this case are parallel to the facts in Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981), and in my opinion Waters controls. Both cases involve the actions of employees as they relate to the question of whether there was evidence from which a jury could reasonably infer that the defendant's conduct was malicious, oppressive or gross and committed with intent to injure and defraud. While it was within the province of the jury to determine that the failure of Treadwell to verify the model of the van accepted as a *420 trade-in was reckless, it is my view that the evidence was not sufficient to show such culpable conduct as would amount to gross, malicious or oppressive fraud with intent to injure plaintiff.
The awarding of punitive damages is within the discretion of the jury. However, when an appellate court is convinced "that the verdict and judgment are contrary to the preponderance of credible evidence and are, therefore, palpably wrong and manifestly unjust," it will revise or reverse the lower court's findings. Mobile Dodge, Inc. v. Waters, 404 So.2d at 27.
The majority by reversing on the authority of Big Three Motors, Inc. v. Smith, relies on a set of facts totally different from the facts in this case. In Big Three Motors Big Three represented that it owned the car when it knew that it did not own the car. It represented that it had good title when, in fact, the car was encumbered by a prior lien. While this conduct could be properly interpreted by a jury as gross, malicious, oppressive conduct made with an intent to deceive, thus justifying punitive damages, the same cannot be said of the conduct by Treadwell Ford. Granted, the plaintiff is entitled to recover compensatory damages for the misrepresentation by Treadwell Ford, but the question is whether the reckless misrepresentation by Treadwell was gross, malicious or oppressive and accompanied by an intent to injure the plaintiff. I do not believe Treadwell's conduct was of such a nature or quality that a jury could reasonably find it to be gross, malicious or oppressive, accompanied by an intent to injure. A 1972 van and a 1969 van are identical; only an examination of serial numbers reveals the difference. There was no reason for Treadwell to believe that the leasing company would misrepresent a model year when trading the van in for another vehicle. There was no showing of willful concealment by Treadwell of the actual model year of the van; as a matter of fact, the trial judge granted Treadwell's motion for directed verdict on the willful misrepresentation count. There was no showing of any policy adopted, officially or unofficially, by Treadwell to avoid verifying the model year of trade-ins. Admittedly, Treadwell did neglect to check the serial number, having no reason to do so in the ordinary course of its business. This was determined by the jury to be reckless behavior. This behavior, however, does not warrant punitive damages.
There is no dispute that the plaintiff suffered damages because of the reckless misrepresentation by Treadwell. These damages amount to $1,900.00 and an award in that amount should be sustained. We should order a remittitur of the damages in the amount of $8,100.
NOTES
[1] See the dissenting opinion of Judge Holmes, Treadwell Ford, Inc. v. Lewis, 416 So.2d 406 (Ala.Civ.App.1981), for an excellent discussion of these cases.
[2] It is significant to note that the conditional affirmance in Hall Motor Company (based on a remittitur of all but compensatory damages) is grounded upon an express holding that "the evidence ... is sufficient to establish [only innocent] fraud," citing § 6-5-101.
[3] Although our cases have not always been clear on this point, this Court in Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979), held that evidence of intent to deceive supplies the requisite proof that the fraud was committed grossly. Likewise, as the Court of Civil Appeals observed in Long-Lewis Hardware Co. v. Lightsey, 392 So.2d 545 (Ala.Civ. App.1980). "The primary constituent of gross, malicious, and oppressive fraud is the intention to injure and deceive."
[4] It is of more than passing interest that the apparent confusion in our casesrequiring the conjunctive finding of intent to deceive and that the defendant's conduct was gross, etc., to warrant punitive damageswas influenced, at least in part, by the development of the law in the vast majority of American jurisdictions which have no "innocent fraud" statutes. Because the common law tort action of deceit required intent to mislead based upon knowledge of the falsity of the statement (see the English case of Derry v. Peek, 4 A.C. 337 (1888)), the victim of an innocent misrepresentation was left remediless.

Many of the state courts, however, modified the "scienter" requirement of the English rule to accommodate the situation contemplated by our "innocent fraud" statute. That is to say, other jurisdictions, in meeting the scienter test, evolved a rule that focuses upon the intent of the defendant to make the representation for the purpose of its being acted upon to the injury of the other person, rather than upon an intent to injure based upon knowledge of the statement's falsity. See W. Prosser, Law of Torts, Hornbook Series § 107, p. 700 (4th ed., 1971).
Understandably, then, having indulged the legal fiction of fashioning a remedy for deceit based upon the tort requisite of "intent," but without the traditional element of culpability (i.e., without knowledge of the falsehood), these courts limit the damages recoverable for this species of fraud to compensatory damages only. Thus, punitive damages are recoverable only when "intent" is coupled with culpability, i.e., knowledge of the falsehood.
In Alabama, however, the remedy for nonculpable misrepresentation is met by the statutory legal fiction of "innocent fraud." Therefore, the culpable tort of the "intent to deceive" species may be dealt with more forthrightly. § 6-5-103. Not being burdened with the non sequitur of nonculpable intent to mislead in order to enforce a remedy for compensatory loss due to an innocent misrepresentation, we may more easily articulate and apply the intentional tort of deceit. If a defendant misrepresents a material fact with knowledge of the falsehood and with the intent to deceive, and the plaintiff to whom it is made relies thereon to his injury, the plaintiff is entitled, within the factfinder's discretion, to an award of punitive damages.
[5] The tort of outrageous conduct is an altogether different tort. See American Road Service Company v. Inman, 394 So.2d 361 (Ala.1980).
[1] This Court in Hall Motor Co. did not allow the recovery of punitive damages. The Court did not believe that the evidence was sufficient to warrant punitive damages.