PER CURIAM.
This is a review of the Court of Civil Appeals’ reversal of a judgment, 416 So. 2d 406, for Plaintiff Debbie Lewis and against Defendant Treadwell Ford based upon a claim of misrepresentation in selling Plaintiff a 1969 model Ford van as a 1972 model. We granted certiorari in this case in order to clarify this State’s law as it applies to actions for fraud and deceit (§ 6-5-100 et seq., Code 1975).
Treadwell sold a vehicle to Wepco Leasing and received as a “trade-in” a 1969 model Ford van which Wepco represented to be a 1972 model. Lewis and her brother, interested in purchasing a van, drove the vehicle in question which Defendant had received from Wepco and later questioned Defendant’s salesman about the van’s history. They were shown the repairs that had been made on the van and were given the name of Wepco as the former owner of the van. Defendant’s salesman told them the van was a 1972 model, as did a representative of Wepco who was contacted by Plaintiff’s brother.
From the evidence it appears that the 1969 and 1972 models of Ford vans are identical in appearance. They are distinguishable, however, when their serial numbers are compared with the serial numbers in a book maintained in the parts departments of automobile dealers. Treadwell relied on Wepco’s representation that the van was a 1972 model vehicle and, in both purchasing the van from Wepco and selling the van to Plaintiff, Treadwell did not compare the serial number of the van with the book in its parts department.
After a jury trial, judgment was entered for the buyer for $10,000.00 on her claim for reckless misrepresentation. The seller appealed, maintaining that the trial court had *411 committed reversible error in submitting the issue of punitive damages to the jury. The Court of Civil Appeals reversed, stating in part:
“In order for the jury to award punitive damages in this case, there must have been evidence from which it could have concluded that the fraud was malicious, oppressive or gross and the statements were made recklessly without regard to their truth and without caring or knowing if they were true or not. Big Three Motors, Inc. v. Smith [412 So.2d 1219] (Ala.Civ.App.1981).
The record is devoid of any evidence which shows Treadwell acted so heedlessly or so recklessly as to authorize the award of punitive damages.... It is conceded that Treadwell failed to examine the book in its parts department which would have revealed the correct model year. However, we are not persuaded that such an omission amounts to gross, oppressive or malicious conduct so as to warrant the imposition of punitive damages. Proctor Agency, Inc. v. Anderson, Ala., 358 So.2d 164 (1978); Continental Volkswagen, Inc. v. Soutullo, 54 Ala.App. 410, 309 So.2d 119 (1975).”
Lewis, the buyer, petitioned this Court for a writ of certiorari on the ground that the decision of the Court of Civil Appeals was in conflict with Big Three Motors, Inc. v. Smith, 412 So.2d 1218 (Ala.1981) (Smith I).
The issue before this Court, then, is a narrow one: Given the element of intent to deceive (which the factfinder was authorized under the evidence to find, considering the “reckless disregard of the consequences” element), was the jury warranted in awarding punitive damages?
This is the precise issue presented, addressed and answered in the affirmative in Big Three Motors, Inc. v. Smith, 412 So.2d 1222 (Ala.1982) (Smith II) (second review by this Court). We reverse and remand on the authority of Smith II, supra.
REVERSED AND REMANDED.
MADDOX, FAULKNER, SHORES, EM-BRY, BEATTY and ADAMS, JJ., concur.
JONES, J., concurs specially.
ALMON, J., concurs in the result.
TORBERT, C. J., dissents.